**NATIONAL PIANO MFG. CO. v. BURNET, Commissioner of Internal Revenue.**

No. 5002.

Court of Appeals of District of Columbia.

Argued April 8, 1931.

Decided May 4, 1931.

J. S. Seidman, of New York City, for appellant.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, F. E. Mitchell, C. M. Charest, and Prew Savoy, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

This is a petition for a review of a decision of the Board of Tax Appeals, and presents the single query: Is appellant (petitioner) entitled to have the payment by it in 1922 of twenty-two thousand odd dollars, representing the federal income tax for the year 1921 of the National Automatic Music Company, allowed as a deduction in computing appellant's net income for either of the years 1921 or 1922.

Appellant, an Arizona corporation incorporated in 1917, is the successor of an Illinois corporation of the same name. We shall hereafter speak of it as the piano company. Its predecessor had in 1913 entered into an agreement with the National Automatic Music Company, which we shall hereafter speak of as the music company, for the sale and servicing of its product, and this contract remained in effect after the new company was organized, and was in effect in 1922. In 1925, the piano company and the music company were consolidated under the name of Automatic Musical Instrument Company. Subsequent to the consolidation, and upon a question involving the tax of the consolidated company, the piano company amended its previously filed petition with the bureau, by which amendment it claimed that in the computation of its income for the year 1922, the commissioner failed to include as a deductible item the amount of $22,048.76 paid by it in that year on behalf of the music company under a contract binding it so to do. The commissioner declined to allow the deduction, and the Board of Tax Appeals sustained his ruling in this respect. The ground on which the board approved the commissioner's action was that the piano company had failed to prove that it was under any legal obligation to pay the tax of the music company, or to furnish evidentiary facts from which such ultimate fact would follow as a conclusion of law. If the payment represented an ordinary and necessary business expense, it was deductible. Section 234 (a), Revenue Act 1921, 42 Stat. 227, 254. If it was not such an expense, it was not deductible, and, on this review, it is our duty to ex-

amine the record to determine whether there is substantial evidence to support the board's finding. If there is, it is our duty to affirm. If there is not, the finding so made is not in accordance with law. Ox Fibre Brush Co. v. Blair (C. C. A.) 32 F.(2d) 42, 68 A. L. R. 696. The evidence returned by the board shows very definitely, we think, that the claim of the piano company for a deduction was bottomed entirely on a single paragraph of the contract of 1913 between piano company's Illinois predecessor and music company. The paragraph reads as follows: "The party of the first part (Piano Company) will maintain all such pianos in repair and change the music thereon as often as in its judgment may be required and will change the locations thereof whenever in its judgment it may be necessary, paying all the expenses of operation and maintenance of such pianos, including the expenses of weekly collections, and shall receive as compensation twenty percent (20%) of the net returns, after payment of percentage to location lessee."

When the president of the consolidated company, who was likewise president of the piano company and music company, was asked the ground upon which the piano company claimed the right to deduct the payment of the music company's 1922 tax, he pointed to the quoted paragraph above, and when the secretary of piano company, who was also secretary and treasurer of the consolidated company, was asked the same question, he likewise said that, under that provision of the contract, it was understood that the piano company would bear the expenses of the music company. Certainly there is nothing in the paragraph in question which, directly or indirectly, imposes upon the piano company the obligation to bear the expenses of the music company, or to pay its income taxes, and therefore there is nothing in either the oral or documentary evidence which would sustain the conclusion that the payment of the tax was an ordinary and necessary expense of the piano company. In these circumstances, we are unable to see how we could justify a contrary holding, and, in saying this, we do not overlook the fact that it is recognized by all parties that the claimed deduction was a payment actually made by one corporation for the benefit of another, and that ordinarily such things do not happen except as the result of coercion arising from some obligation, contractual or otherwise, but this does not excuse the failure to show the true facts, whatever they may be,

for it is not the payment alone that is the test of deductibility, but also that it was made as a "necessary expense." It is conceivable, and we think not unreasonable, that, in the intimate interrelationship of the two corporations, the payment might well have been gratuitous and voluntary, and, in such case, admittedly it would not have been deductible, and, if it was not, it was the duty of the piano company to have shown otherwise, for it bore the burden and alone possessed knowledge of the facts. It has had its day in court, and stands upon the record made, and does not now ask that the case be remanded for further evidence or for further findings in accordance with the evidence, but insists that the record is sufficiently complete to dispose of the matter in issue.

In that view, we think the piano company has wholly failed to overcome the presumption in favor of the correctness of the commissioner's ruling, and, since this requires that we affirm the finding of the board, it is not necessary to pass upon the other questions discussed in the briefs.

Affirmed.