## ROBINSON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9122.

Circuit Court of Appeals, Eighth Circuit.

Nov. 17, 1931.

Hale Houts, of Kansas City, Mo. (Dudley Doolittle, Phil D. Morelock, Perry W. Shrader, Henry S. Conrad, L. E. Durham, and William J. Carroll, all of Kansas City, Mo., on the brief), for petitioner.

S. Dee Hanson, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, William E. Davis, Sp. Atty., Bureau of Internal Revenue, and Paul E. Waring, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., on the brief), for respondent.

Before STONE and VAN VALKENBURGH, Circuit Judges, and SANBORN, District Judge.

STONE, Circuit Judge.

W. N. Robinson, in his income tax return for 1922, claimed a deduction of $22,254.70 for local taxes paid by him on property owned by and leased from the Robinson Hotel Realty Company by him. The Commissioner disallowed such deduction, and the Board of Tax Appeals sustained the action of the Commissioner. This is a petition for review of that order of the Board.

Several matters are argued here, but they may be reduced to two propositions. One is the rejection of certain evidence. The only assignment of error relating to rulings on the admission of evidence is "That the Board erred in rejecting certain evidence offered in proof of the case." This assignment is in violation of rules 36 (sections 1 and 6) and 11 of this court, and preserves nothing for review here.

The other proposition is, in essence, that there is no substantial evidence to support the determination of the Board. The Robinson Hotel Realty Company is a corporation wherein petitioner holds about half the capital stock and the remainder belongs to members of his immediate family, a brother and a brother-in-law. The company owned a furnished and equipped hotel at Tulsa, Okl. In 1920, petitioner leased this hotel building with its furnishings and equipment for a term of eight years at an annual rental, payable monthly, of $72,000. The lease contained no statement as to any obligation to pay taxes. The lease contained a provision, as follows: "Should the party of the second part be in need of or require additional stationary machinery or other stationary im-

provements, such as terrazzo and tiled floors, brick partitions or tiled partitions, etc., upon mutual agreement, the first party will have such improvements installed, and for the use of such improvements, the second party shall pay at the rate of ten per cent. per annum on the cost of such improvements as additional rental."

During the years 1920, 1921, and 1922, additional improvements, as provided in the above quotation, were made to a total cost of $47,902.10, and, in full compliance with that provision of the lease, the petitioner paid as further rental various sums in these three years totaling $8,466.85. In December, 1922, the corporation sold the entire property and thereby terminated the lease agreement. At the time of this sale, petitioner had paid all additional rentals for such added improvements up to the termination of the lease.

At the end of 1922, the company owed $26,014.80 for accrued state and county taxes on this property (as shown on the books of the company). There is confusion in the record as to the amount of these taxes and as to the amount of taxes claimed to have been assumed or paid by petitioner, but for the purposes of this case the amount claimed to have been paid by petitioner may be taken as being $22,254.70. On his tax return the petitioner claimed this deduction as "taxes." Before the Board of Tax Appeals he claimed the deduction as an ordinary and necessary expense of his business. Upon his petition for review here the deduction is claimed as a loss sustained in business not compensated for by insurance or otherwise. Some point is made by the respondent as to this change of front but it seems to us unimportant to the determination of this case, since under none of these claims is the deduction allowable.

■■ Petitioner contends that he regarded himself as obligated to fully repay the amount advanced for the above improvements and that the amount thereof remaining unpaid at the time of the sale of the property was settled by his agreement to assume the payment of the taxes to the amount of $22,254.70. An inspection of the lease shows that there was no obligation whatsoever upon petitioner to pay any taxes. It also shows clearly that there was no obligation upon his part to repay the cost of these improvements. The lease requires the consent of both parties thereto to the making of such improvements, and it provides not for a repayment of any amounts expended therefor, but for an additional rental based upon the cost of such improvements. This lease was for but eight years, and these improvements were made during the first three years of the lease. The additional rental based thereon was at the rate of 10 per cent. of the expenditures for improvements. Therefore, it would have been impossible for the parties to have intended any assumption of the repayment of such expenditures to the lessor during the term of this lease. When the lessor terminated the lease by the sale of the entire property, the obligation of petitioner to pay further rent ceased and with it all obligation to make any payments in any way related to the improvements or the property. Therefore there was no obligation whatsoever such as he seemed to think existed. Putting aside questions relating to the admissibility of the evidence, had he fully established his promise to the lessor to pay such taxes it would obviously be without any legal consideration and unenforceable by the lessor. Thus such a promise could rise no higher than a voluntary assumption of an obligation of another, and such assumption does not come within the revenue statutes as an ordinary and necessary business expense or as a business loss not compensated for by insurance or as a tax paid. National Bank of Commerce v. Allen, 223 F. 472, 477, this court, certiorari denied 239 U. S. 642, 36 S. Ct. 163, 60 L. Ed. 482; Porter v. U. S., 27 F.(2d) 882, 885 (C. C. A. 9); First Nat. Bank of Jackson, Miss. v. McNeel, 238 F. 559, 560 (C. C. A. 5); Eliot Nat. Bank v. Gill, 218 F. 600, 602 (C. C. A. 1). Therefore, not only was there substantial evidence to support the determination of the Board, but it would not have been justified in reaching a different conclusion.

The order of the Board should be affirmed, and the petition for review is dismissed.