## SAM P. WALLINGFORD GRAIN CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 1065.

Circuit Court of Appeals, Tenth Circuit.

Dec. 4, 1934.

Paul J. Wall, Carl I. Winsor, and John E. Boyer, all of Wichita, Kan., for petitioner.

Frank J. Wideman, Asst. Atty. Gen. (Sewall Key and Warren F. Wattles, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

McDERMOTT, Circuit Judge.

In Welch v. Helvering, 290 U. S. 111, 54 S. Ct. 8, 9, 78 L. Ed. 212, it appeared that the taxpayer had been an active officer of

a corporation which had been adjudged a bankrupt. When the taxpayer thereafter started up in the same business on his own account, he found it necessary to pay up the debts of the bankrupt corporation in order to reestablish his relationship with his customers and to solidify his own credit and standing. This he did, and then deducted such payments from his own income as "ordinary and necessary expenses paid or incurred * * * in carrying on any trade or business." Revenue Act 1924, c. 234, § 214 (a) (1), 26 US CA § 955 (a) (1).[1] The Commissioner disallowed the deduction. The Board of Tax Appeals, the Court of Appeals, and the Supreme Court of the United States affirmed the Commissioner. In the opinion in the Supreme Court, it was assumed that the expense was necessary; it was held it must be more, it must be an ordinary expense. On that point the court, speaking through Mr. Justice Cardozo, said:

"Men do at times pay the debts of others without legal obligation or the lighter obligation imposed by the usages of trade or by neighborly amenities, but they do not do so ordinarily, not even though the result might be to heighten their reputation for generosity and opulence. Indeed, if language is to be read in its natural and common meaning (Old Colony R. Co. v. Commissioner, 284 U. S. 552, 560, 52 S. Ct. 211, 76 L. Ed. 484; Woolford Realty Co. v. Rose, 286 U. S. 319, 327, 52 S. Ct. 568, 76 L. Ed. 1128), we should have to say that payment in such circumstances, instead of being ordinary is in a high degree extraordinary. There is nothing ordinary in the stimulus evoking it, and none in the response."

■ That decision rules this appeal. Here the taxpayer, to support its own credit, paid obligations of its president and a predecessor partnership and corporation. It was under no legal obligation to pay such debts, for it is stipulated that only part of the assets of the predecessor concerns were taken over; that the debts were not incurred in connection with the purchase or acquisition of the assets transferred; that the debts were not assumed by the taxpayer. However necessary it may have been from the standpoint of protecting its credit and business standing, however commendable the motive which prompted the payments, business concerns do not ordinarily pay debts for which they are not liable.[2]

■ Nor did the payments give rise to a loss not compensated for by insurance or otherwise. Revenue Act 1928, § 23 (f), 26 USCA § 2023 (f). It has been repeatedly held that voluntary payments do not give rise to losses within the meaning of this section. Kornhauser v. United States, 276 U. S. 145, 48 S. Ct. 219, 72 L. Ed. 505; Burroughs v. Commissioner (C. C. A. 2) 47 F.(2d) 178 (attorneys fees paid in defending suit); Mastin v. Commissioner (C. C. A. 8) 28 F.(2d) 748 (expenditures of stockholder advertising real estate of his corporation); Stephenson v. Commissioner (C. C. A. 8) 43 F.(2d) 348; In re Park's Estate (C. C. A. 2) 58 F.(2d) 965, certiorari denied Park v. Commissioner of Internal Revenue, 287 U. S. 645, 53 S. Ct. 91, 77 L. Ed. 558 (contributions by officer of bank to purchase questioned assets from a bank).

The decision of the Board of Tax Appeals is affirmed.

---

[1] The statute applicable to the case at bar carries this identical language. Revenue Act 1928, c. 852, 45 Stat. 791, § 23 (a), 26 USCA § 2023 (a).

[2] Other cases which support this conclusion are: Blackwell Oil & Gas Co. v. Commissioner (C. C. A. 10) 60 F.(2d) 257; Pantages Theatre Co. v. Welch (C. C. A. 9) 71 F.(2d) 68; White v. Commissioner (C. C. A. 9) 61 F.(2d) 726; Robinson v. Commissioner (C. C. A. 8) 53 F.(2d) 810, 811, 79 A. L. R. 975; National Piano Mfg. Co. v. Burnet, 60 App. D. C. 160, 50 F.(2d) 310; First Nat. Bank of Omaha v. Commissioner (C. C. A. 8) 49 F.(2d) 70; One Hundred Five West Fifty-Fifth Street, Inc., v. Commissioner (C. C. A. 2) 42 F.(2d) 849; Newark Milk & Cream Co. v. Commissioner (C. C. A. 3) 34 F.(2d) 854.