THE CATHOLIC NEWS PUBLISHING COMPANY, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12447.   Promulgated January 14, 1948.

*Richard W. Wilson, Esq.*, and *Franklin C. Ellis, C. P. A.*, for the petitioner.
*Rigmor O. Carlsen, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: To look upon the petitioner's expenditure of the $2,871.24 simply as a payment to its president, as does the respondent, is to isolate a small part of an entire transaction and obscure the real question in this case. That question, as we see it, is whether the expense incurred in settling a controversy injurious to petitioner's business and damaging to its reputation and standing can qualify as an ordinary and necessary business expense.

The facts are that Ridder became an officer of the association solely because of the petitioner's membership in it and to further the petitioner's interests. Whether the discharge of his duties as an officer of the association was praiseworthy or blameworthy is beside the point. In any event, he stoutly denied malfeasance or dereliction, denied any liability to the association for interest which might have been earned had the funds in his charge been otherwise invested, refused to make payment, and was willing to fight the thing out. But the matter did not remain a purely private dispute between Ridder and the association. It was used as a weapon to attack the petitioner and its business. The petitioner's board of directors became alarmed and after much discussion finally concluded that to protect petitioner's business an end would have to be put to the controversy. They ordered Ridder to effect a settlement. From that point on Ridder was not acting as a mere individual to settle a personal claim against himself. Rather, he was acting as an agent of the petitioner to bring about the settlement of a controversy which, in the opinion of its directors, materially and adversely affected its business. We have no doubt it was so understood by both Ridder and the petitioner's directors.

The manner of effecting settlement appears to us to be a matter of complete indifference. That is to say, the fact that Ridder first used his own funds to pay the association and was reimbursed by the petitioner in equal amount calls for no different result than if petitioner had made direct payment to the association or, in the first instance, had given Ridder the money to turn over to the association. And, even if there was no express understanding, petitioner was certainly

obligated in equity and good conscience to reimburse Ridder, cf. *Gilt Edge Textile Corporation*, 9 T. C. 543, in view of the fact that it had directed him to settle a claim for which he denied all personal liability and which he would not otherwise have paid.

Disregarding form, the substance of the matter is that petitioner's expenditure here in issue was for the purpose of settling the controversy. Was it then an ordinary and necessary expense in the petitioner's business? It is obvious that petitioner's board of directors believed it a necessary one, and not without reasonable grounds for that belief. They concluded that it was in the best interests of the petitioner to terminate the dispute before growing adverse publicity did irreparable damage to its business standing and repute. While it may have been an unique and unusual event in petitioner's own experience, that alone would not make the payment extraordinary. We think other corporations would be impelled to make a similar outlay under similar circumstances. Cf. *Dunn & McCarthy* v. *Commissioner*, 139 Fed. (2d) 242; *Levitt & Sons* v. *Nunan*, 142 Fed. (2d) 795. As the payment in question was proximately related to the conduct of the petitioner's business, *Kornhauser* v. *United States*, 276 U. S. 145, and was made to protect and promote that business, *Scruggs-Vandervoort-Barney, Inc.*, 7 T. C. 779, it is our opinion that it constitutes an ordinary and necessary business expense within the meaning of section 23 (a) (1) (A) of the code. The deduction should therefore be allowed.

*Decision will be entered under Rule 50.*