RAY CROWDER, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

ALPHA CROWDER, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 30306, 30307. Promulgated November 25, 1952.

*Benjamin L. Bird, Esq.*, for the petitioners.
*W. B. Riley, Esq.*, for the respondent.

**334**

OPINION.

JOHNSON, *Judge:* Of the amount of $6,909.68 in controversy, petitioner paid $5,040.22 prior to November 1, 1946, while he was operating the Funeral Home in his individual capacity, and the remainder of $1,869.46 thereafter to the close of the taxable year while the funeral business was being conducted by the Corporation for its own account. We shall first discuss the deductibility, as an ordinary and necessary business expense, of the amount expended by petitioner before his business was transferred to the Corporation.

The nub of the contention of petitioner is that the amount was expended for advertising his business of conducting a funeral home. The issue arose because of the fact that the plan of advertising does not conform to normal procedure.

We have said that "* * * expenditures made to protect or to promote a taxpayer's business, and which do not result in the acquisition of a capital asset, are deductible" as ordinary and necessary expenses of transacting business. *Edward J. Miller,* 37 B. T. A. 830. The rule was applied in *Scruggs-Vandervoort-Barney, Inc.,* 7 T. C. 779; *Catholic News Publishing Co.,* 10 T. C. 73; *L. Heller & Son, Inc.,* 12 T. C. 1109; *United States* v. *Bruce Co.,* 180 F. 2d 846.

The general practice in Texas and elsewhere was the use of burial associations as a means of advancing the interests of funeral homes by advertising and otherwise. Instead of creating such an adjunct to his business, petitioner and other individuals organized a local mutual aid insurance association with the same end in view. It served, by means not otherwise available to him, to advertise for the purpose of expanding his business, and to match similar effort of his competitors. The object of the plan obviously was to promote and to protect the business of the funeral home. The evidence discloses no other motive.

That the expense was ordinary is shown by the use of a similar plan in the community where petitioner conducted his business and

it was necessary in the sense that petitioner regarded the form of advertising as helpful in carrying on his activity.

The fact that petitioner was under no legal or contractual obligation to make up operating deficits of the Insurance Company is not decisive. *Luther Ely Smith*, 3 T. C. 696; *L. Heller & Son, Inc., supra.* It was the practice among other funeral homes to assume the operating deficits of the associations they were sponsoring instead of endeavoring to have the associations levy assessments against policyholders to make up the loss. If petitioner had refused to bear the loss while its competitors were assuming the burden, the action would have had a detrimental effect on his business. Practical business considerations required petitioner to keep in line with the prevailing practice in the community where he operated. To absorb the operating deficits of the associated association was a way of conduct in the business field in which petitioner was engaged, *Commissioner* v. *Heininger*, 320 U. S. 467, and, therefore, a normal course of action, a test that has been said to be "crucial and controlling." *Deputy* v. *Du Pont*, 308 U. S. 488.

Petitioner had no interest in the Insurance Company greater than any other policyholder. His payments merely put the Insurance Company in funds to meet operating expenses and therefore did not result in the acquisition of a capital asset.

The remaining amount of $1,869.46 was paid by petitioner after his business was transferred to the Corporation. Petitioner is claiming the payment as an ordinary and necessary business expense or as an ordinary and necessary expense paid in the production of income. It is not a deductible expense of the petitioner individually under either provision of the statute. *Deputy* v. *Du Pont, supra; Low* v. *Nunan,* 154 F. 2d 261.

Petitioner alleges in the alternative that the amount in dispute is deductible as a nonbusiness bad debt. The proof here is that petitioner was aware at the time he made the payments before and after the Corporation was organized that the Insurance Company would not have sufficient income at any time to repay the amounts. No proof was made that the debts, if such they were, had any value when incurred or at any time thereafter. Debts which are worthless when created are not deductible. *Eckert* v. *Burnet*, 283 U. S. 140; *Hoyt* v. *Commissioner*, 145 F. 2d 634; *Fred A. Bihlmaier*, 17 T. C. 620. Accordingly, the amount of $1,869.46 is not deductible as a nonbusiness bad debt.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*