CARL REIMERS CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35782. Promulgated March 31, 1953.

*Robert Lee Henry, Esq.*, for the petitioner.
*Francis J. Butler, Esq.*, for the respondent.

1238

**OPINION.**

Raum, *Judge:* Petitioner seeks to deduct the payment of $4,590.83 under section 23 (a) (1) (A) of the Internal Revenue Code as an ordinary and necessary expense paid or incurred during its fiscal year ending March 31, 1947, in carrying on its trade or business.

We see no difference in substance between the facts of the instant proceedings and those in *Welch* v. *Helvering*, 290 U. S. 111. In that case the taxpayer paid the claim of some former customers of a bankrupt corporation, of which he had been an officer, in order to strengthen his individual standing and credit, and to reestablish business relations with the corporation's former customers. In the instant proceeding the petitioner paid a portion of the claims of some former customers of a bankrupt corporation, of which its president had been an officer and majority stockholder, in order that it might be granted recognition by newspaper publishers' associations which would permit it to establish business relations with their members on a credit basis and receive 15 per cent commissions on the amount of advertising placed with them. In the *Welch* case the Supreme Court sustained a determination that the expenditures involved were not deductible as ordinary and necessary business expenses. Cf. *Mitten Management, Inc.*, 29 B. T. A. 569; *Wallingford Grain Corp.* v. *Commissioner*, 74 F. 2d 453 (C. A. 10), and cases cited, footnote 2; *W. F. Young, Inc.* v. *Commissioner*, 120 F. 2d 159, 166 (C. A. 1). We think the same result is required here.[1] Petitioner relies upon *Catholic News Publishing Co.*, 10 T. C. 73. That case and several others (*Edward J. Miller*, 37 B. T. A. 830; *Scruggs-Vandervoort-Barney, Inc.*, 7 T. C. 779; *L. Heller & Son*, 12 T. C. 1109) have allowed claimed deductions under somewhat similar circumstances. Some of these decisions have endeavored to distinguish the *Welch* case. Thus, in both the *Miller* and *Scruggs-Vandervoort-Barney* cases, a distinction was drawn between payments made to "acquire" business or good will and payments made to "protect or promote" the taxpayer's business, the former being regarded as capital in nature and therefore not deductible. See 7 T. C. at 787. Such was the only ground on which these decisions distinguished the *Welch* case. We do not pause to inquire into the merits of such distinction, but to the extent that it has vitality it plainly calls for the application of the *Welch* case here. In the present case the payments to acquire "recognition" were similarly of a capital nature; they procured for petitioner a status which was in substance of indefinite future duration[2] and cannot

[1] It is true that the opinion in the *Welch* case states that "what is ordinary, though there must always be a strain of constancy within it, is none the less a variable affected by time and place and circumstance." 290 U. S. at 113–114. But petitioner, upon whom the burden of proof rests, has presented to us no facts whatever to show that either the "time", "place", or "circumstance" herein is different in any material respect from the corresponding factor in the *Welch* case.

[2] Recognition by the American Newspaper Publishers Association carried no fixed time limit, and although recognition by the Publishers' Association of New York City was granted in terms of a 6-month period there was provision for automatic renewal provided that there was continued compliance with the requirements for recognition. There is no showing in this record that in practical effect such recognition did not accord to petitioner a status of indefinite duration.

therefore be regarded as a charge against current income. Accordingly, the *Welch* case is applicable whether taken by itself or considered in the light of the rationale of the *Miller* and *Scruggs-Vandervoort-Barney* cases.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

BRUCE, *J.*, concurs in the result.

---

OPPER, *J.*, dissenting: On the present Findings of Fact, this proceeding seems to me to be controlled by such cases as *First National Bank of Skowhegan*, 35 B. T. A. 876; *Edward J. Miller*, 37 B. T. A. 830; *Scruggs-Vandervoort-Barney, Inc.*, 7 T. C. 779; *Catholic News Publishing Co.*, 10 T. C. 73; *L. Heller & Son*, 12 T. C. 1109, none of which, needless to say, was previously thought to be in conflict with *Welch* v. *Helvering*, 290 U. S. 111. See also *A. Harris & Co.* v. *Lucas*, (C. A. 5) 48 F. 2d 187.

Those cases could not successfully have distinguished the *Welch* case, as the present opinion intimates, solely on the ground that no capital asset was acquired. They had to—and did—also decide that under the circumstances there present the expenditure was made to "protect" and to "promote" the taxpayer's business and hence was deductible as an ordinary and necessary expense. As to the capital asset question, nothing of that nature was thought to be acquired or increased by the expenditures there made. See *Hochschild* v. *Commissioner*, (C. A. 2) 161 F. 2d 817. This seems to me equally or more so here, petitioner having already acquired its customer, and there is no finding to the contrary.

*Welch* v. *Helvering, supra*, warns that for present purposes "what is ordinary * * * is * * * a variable affected by time and place and circumstance." In disregarding that injunction and treating the *Welch* opinion as an immutable doctrine of law, I think the present opinion errs.

VAN FOSSAN and MURDOCK, *JJ.*, agree with this dissent.