## WELCH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9585.

Circuit Court of Appeals, Eighth Circuit.

March 24, 1933.

Alexander E. Horn, of St. Paul, Minn. (Thomas D. O'Brien and Edward S. Stringer, both of St. Paul, Minn., on the brief), for petitioner.

J. P. Jackson, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Hugh Brewster, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

STONE, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals, affirming an assertation by the Commissioner of deficiencies in the income taxes of this petitioner for the years 1924 to 1928, inclusive.

 The deficiencies are properly asserted unless the income for the involved years is to be reduced by certain payments which the taxpayer contends are properly deductible business expenses. The character of these payments is as follows: Prior to and in the year 1922, petitioner was a minor stockholder and secretary of the E. L. Welch Company, a Minnesota corporation engaged in the grain marketing business. Petitioner was in close touch with the customers of this company, and handled their grain coming into Minneapolis, and attended to the grading and sale thereof there. In 1922, the company was adjudged an involuntary bankrupt, and later in the same year this petitioner was adjudged a voluntary bankrupt. In due course both the company and petitioner received discharges. Thereafter, the petitioner entered into a contract with another company to purchase grain for it on a commission basis. In order to re-establish his standing and

credit, and to revive business contacts with former customers of the Welch Company, the petitioner determined, as far as he was able, to reimburse certain creditors of that company for balances due after the discharge in bankruptcy of that company. Beginning in 1924, and continuing into 1928, he made payments to various of these creditors. It is these payments which he now claims as proper deductible business expenses. The question thus presented is purely one of law. Its solution depends upon a construction of the sections of the pertinent revenue statutes, and the application of the undisputed situation here thereto. The statutes involved are section 214 (a) (1) of the Revenue Acts of 1924 and 1926, 26 USCA § 955 (a) (1), and section 23 (a) of the Revenue Act of 1928, 26 USCA § 2023 (a). These sections contain identical provisions to the effect that the taxpayer may have as a deduction from gross income "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." The question is whether these expenses are "ordinary and necessary," within the meaning of the statute. Words used in a statute are to be taken in their usual, everyday meaning, and this is particularly true of revenue statutes. United States v. Kirby Lumber Co., 284 U. S. 1, 3, 52 S. Ct. 4, 76 L. Ed. 523; Woolford Realty Co. v. Rose, 286 U. S. 319, 52 S. Ct. 568, 76 L. Ed. 1128. The deductible expenses must be both "necessary" and "ordinary." Lloyd v. Commissioner, 55 F.(2d) 842, 844 (C. C. A. 7). There may be room for argument and difference as to whether payments of this character, under the circumstances here, are "necessary" or not. It would be rather clear that they would be helpful in a business way, and that helpfulness might approach or reach necessity. However, we can see no possible basis upon which payments of this character can be treated as "ordinary" expenses of his business. Robinson v. Commissioner, 53 F.(2d) 810, 811, 79 A. L. R. 975 (C. C. A. 8); and see. Lloyd v. Commissioner, 55 F.(2d) 842 (C. C. A. 7) and Hubinger v. Commissioner, 36 F.(2d) 724, 726 (C. C. A. 2). In fact, they are very extraordinary payments, and not expenses of the business at all. They are unlike the payments in Harris v. Lucas, 48 F.(2d) 187 (C. C. A. 5), but are voluntary payments similar to those treated in Robinson v. Commissioner, 53 F.(2d) 810, 811, 79 A. L. R. 975 (C. C. A. 8), and Mastin v. Commissioner, 28 F.(2d) 748, 753 (C. C. A. 8). While these payments are highly com-mendable from an ethical standpoint, we are bound by the law as written.

The determination of the Board was correct, and the petition for review must be, and is, dismissed.