## F. W. POE MANUFACTURING COMPANY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38661.   Filed January 12, 1956.

*William H. Charles, Esq.*, for the petitioner.
*Irene F. Scott, Esq., George J. LeBlanc, Esq.*, and *James P. Powers, Esq.*, for the respondent.

#### OPINION.

ARUNDELL, *Judge:* This proceeding now comes before us pursuant to mandate of the Court of Appeals for the Fourth Circuit, remanding the case for further proceedings not inconsistent with its per curiam opinion filed July 13, 1955.   (224 F. 2d 254.)

In a Memorandum Findings of Fact and Opinion filed September 24, 1954, we held, on authority of *Mutual Lumber Co.*, 16 T. C. 370, that we were without jurisdiction to consider issues raised by either litigant relating to the general provisions of the excess profits tax statute and, by order entered September 28, 1954, we dismissed the proceeding for lack of jurisdiction.   The Court of Appeals for the Fourth Circuit decided that we did have jurisdiction to consider such issues and therefore reversed our order of dismissal and remanded the case.

Petitioner is a South Carolina corporation with its office at Greenville, South Carolina.

The years involved are the fiscal years ended August 31, 1941, and 1942.   The returns were filed on November 23, 1941, and November 14, 1942, with the collector of internal revenue for the district of South Carolina.   No point is made that the 1941 return was 8 days late. Applications for relief under section 722 of the 1939 Code were timely

filed on September 15, 1943. The internal revenue agent in charge at Columbia, South Carolina, sent to petitioner on October 13, 1944, a revenue agent's report dated January 25, 1944, in which the agent had proposed for determination by his superiors deficiencies as follows:

| Fiscal year | Income tax | Excess profits tax |
|---|---|---|
| 1941 | $87.01 | $16,669.66 |
| 1942 | 4,786.73 | 16,514.55 |

The agent, in arriving at the above amounts, had given petitioner the benefit of some relief under section 722. Petitioner, upon receiving this information, agreed that it owed the proposed additional taxes and, pursuant to section 272 (d) of the 1939 Code, executed on November 17, 1944, a waiver of restrictions on assessment and collection of deficiencies contained in section 272 (a) of the 1939 Code and paid those additional taxes on that same day. The amounts were assessed by the Commissioner on December 15, 1944. Petitioner never filed any waiver extending the period of limitations on assessment and collection of taxes for the taxable years except as indicated above. The Commissioner mailed a statutory notice to petitioner on November 2, 1951, in accordance with the requirements of section 732 of the 1939 Code, and it is upon this notice that our jurisdiction in the present proceeding must be found. In that notice the Commissioner advised petitioner of the disallowance of the claims for relief under section 722 and in the same communication advised that "a determination of your income tax liability and excess-profits tax liability for the taxable years" 1941 and 1942 "discloses deficiencies" in amounts identical [1] with those proposed in the revenue agent's report dated January 25, 1944. There is no statement accompanying the notice setting forth any adjustments affecting the income tax liability or the excess profits tax liability of petitioner for the taxable years. The taxpayer thereafter filed a petition with this Court alleging that the deficiencies "set forth in said notice of disallowance * * * were paid by petitioner on November 17, 1944." In his answer the respondent denied this allegation and prayed that his "determination be in all respects approved." The taxpayer then filed a reply in which the details of payment were more specifically set forth. Later this Court granted a motion by respondent for permission to amend his answer. In his amended answer the respondent in effect conceded payment of the deficiencies set forth in the deficiency notice of November 2, 1951, and claimed for the first time additional deficiencies in excess profits taxes for the years 1941 and 1942 of $23,895.85 and $33,738.87, respectively. In its reply to the amended answer, petitioner pleads the statute of limitations as

---

[1] The deficiency in excess profits tax for 1942 was stated as $15,514.55 which apparently is a typographical error.

a bar to the assessment and collection of such additional deficiencies. Petitioner claims relief under section 722 only in the event that the limitations issue is decided against it and then only to the extent of the so-called deficiencies affirmatively pleaded in the amended answer.

The proceeding was then submitted under Rule 30 with a stipulation of facts, and the issues were severed in order that the statute of limitations issue might be decided first.

The excess profits tax returns showed liabilities in excess profits tax of $91,129.49 for the taxable year 1941 and $341,937.27 for the taxable year 1942, which were subsequently assessed and paid. The taxes were computed by the use of a credit based upon invested capital under the provisions of section 714 of the Internal Revenue Code of 1939. During 1943, a renegotiation settlement computed under the provisions of section 3806 had the effect of reducing petitioner's excess profits tax liability for the taxable year 1942 to $327,907.45.

Petitioner's liability for excess profits taxes, as set forth in the revenue agent's report was calculated by the respondent's examining officer by the use of a credit based upon a constructive average base period net income under the provisions of section 722, but the liability was also calculated upon the basis of various other adjustments, with the result that the proposed deficiencies mentioned in the report arose in excess profits tax for the taxable years 1941 and 1942 despite the use of section 722 in calculating the tax.

The total assessments against petitioner on account of income and excess profits taxes are as follows:

| | Taxable year 1941 | | Taxable year 1942 | |
| --- | --- | --- | --- | --- |
| | Excess profits tax | Income tax | Excess profits tax | Income tax |
| Originally assessed | $91,129.49 | $130,410.85 | $341,937.27 | $118,588.52 |
| Renegotiation adjustment | | | 14,029.82 | 2,603.30 |
| Net previous assessments | $91,129.49 | $130,410.85 | $327,907.45 | $115,985.22 |
| Deficiencies assessed December 15, 1944 | 16,669.66 | 87.01 | 16,514.55 | 4,786.73 |
| Totals | $107,799.15 | $130,497.86 | $344,422.00 | $120,771.95 |

All of the above assessments were paid by petitioner on or before November 17, 1944.

According to the report of the respondent's examining officer, the correct liability of petitioner in excess profits taxes, if the claims for relief under section 722 are disregarded, is as follows:

Taxable year 1941 _____ $131,695.00
Taxable year 1942 _____ 378,160.87

The differences between the liabilities immediately above and the total assessments of excess profits taxes, as set out in the previous paragraph,

constitute the "so-called" deficiencies claimed by the respondent in his amended answer as follows:

| | Taxable year 1941 | Taxable year 1942 |
|---|---|---|
| Revenue agent's report, disregarding section 722 claims | $131,695.00 | $378,160.87 |
| Total assessments previously paid | 107,799.15 | 344,422.00 |
| Deficiencies now claimed by respondent in amended answer | $23,895.85 | $33,738.87 |

The parties have stipulated that the deficiencies in the amounts of $23,895.85 and $33,738.87 for the taxable years 1941 and 1942, respectively, or deficiencies in other amounts, are properly assessable if:

(a) The adjustments made in the report of the respondent's examining officer referred to above in matters not involving section 722 are taken as correct and proper adjustments, and

(b) The petitioner is not entitled to make use of a credit based upon a constructive average base period net income in computing its tax or is entitled only to a smaller constructive average base period net income than that used in the report of the respondent's examining officer referred to above, and

(c) The assessment of the deficiencies, or deficiencies in other amounts, is not prevented by the statute of limitations.

Only the issues arising out of the immediately preceding subparagraph (c) are submitted by the parties for decision in this severed hearing.

We are asked to determine whether the assessment and collection of the so-called deficiencies claimed for the first time in the amended answer and more than 3 years after the returns were filed are barred by the statute of limitations contained in section 275 (a) and section 729 (a) of the 1939 Code.[2] This depends on whether the statute of limitations had run on November 2, 1951, the date the notice of disallowance was mailed, for if the statute had not run at that time, under section 277 of the 1939 Code its further running would be suspended while the cause is pending before this Court.

The Commissioner concedes, as well he may, that the statute of limitations would normally be a complete defense to the assessment

[2] Section 275 is contained in subchapter C of chapter 1, and section 729 is contained in subchapter E of chapter 2 of the 1939 Code.

SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.
Except as provided in section 276—
(a) GENERAL RULE.—The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

SEC. 729. LAWS APPLICABLE.
(a) GENERAL RULE.—All provisions of law (including penalties) applicable in respect of the taxes imposed by Chapter 1, shall, insofar as not inconsistent with this subchapter, be applicable in respect of the tax imposed by this subchapter.

and collection of the deficiencies, but contends a different rule prevails when the proceedings reach the Tax Court as the result of the disallowance of excess profits tax relief under section 722 of the 1939 Code. That is, the respondent contends that a taxpayer who receives a notice disallowing excess profits tax relief must choose either to accept the disallowance, in which case the statute of limitations is a defense to any deficiencies which may be determined or claimed, or he may contest the disallowance, but only at the price of forfeiting the statute of limitations as a defense to the deficiencies claimed. The reason, according to the respondent, is that in opposing the disallowance, the taxpayer petitions this Court under section 732 (a) of the 1939 Code [3] for a "redetermination of the tax" and must therefore be bound by that redetermination and, further, that the ordinary period of limitations contained in section 275 is not brought over into section 732 (b) of the 1939 Code [4] by the operation of section 729.

The respondent insists that the ordinary statute of limitations contained in section 275 (a) is inconsistent with section 732 and, therefore, not applicable under the specific provisions of section 729, and that this is borne out by H. Rept. No. 146, 77th Cong., 1st Sess., 1941–1 C. B. 550, 560–561, wherein it is stated:

Accordingly, section 732 * * * provides that the taxpayer may file a petition with the Board of Tax Appeals within 90 days after notice of such disallowance is mailed for a redetermination of the excess-profits tax. If such petition is filed such notice of disallowance is deemed to constitute a notice of deficiency for the purposes of assessment and collection of any deficiencies and the credit or refund of overpayments (including the suspension of the statute of limitations with respect thereto). If such appeal is taken, then all pertinent issues bearing upon the tax liability under Chapter 2E may be raised by the taxpayer and reviewed by the Board. If the Board does not find an overassessment but finds a deficiency in such cases, such deficiency may be assessed and collected, *regardless of any statute of limitations otherwise applicable.* [Emphasis supplied.]

---

[3] SEC. 732. REVIEW OF ABNORMALITIES BY BOARD OF TAX APPEALS [NOW THE TAX COURT OF THE UNITED STATES].

(a) PETITION TO THE BOARD.—If a claim for refund of tax under this subchapter for any taxable year is disallowed in whole or in part by the Commissioner, and the disallowance relates to the application of section 711 (b) (1) (H), (I), (J), or (K), section 721, or section 722, relating to abnormalities, the Commissioner shall send notice of such disallowance to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the tax under this subchapter. If such petition is so filed, such notice of disallowance shall be deemed to be a notice of deficiency for all purposes relating to the assessment and collection of taxes or the refund or credit of overpayments.

[4] SEC. 732. (b) DEFICIENCY FOUND BY BOARD IN CASE OF CLAIM.—If the Board finds that there is no overpayment of tax in respect of any taxable year in respect of which the Commissioner has disallowed, in whole or in part, a claim for refund described in subsection (a) and the Board further finds that there is a deficiency for such year, the Board shall have jurisdiction to determine the amount of such deficiency and such amount shall, when the decision of the Board becomes final, be assessed and shall be paid upon notice and demand from the collector.

The taxpayer in *H. Fendrich, Inc.*, 25 T. C. 262, made very much the same contentions as the respondent is making here, the principal difference being that in *Fendrich* the taxpayer was seeking refunds and here the respondent is seeking deficiencies. In *Fendrich* the taxpayer had filed timely applications for relief under section 722 and, while such claims were pending before the Commissioner but after the statute had run for filing new claims, it filed an additional claim for refund upon a ground other than under section 722. The Commissioner determined that there was merit in the new claim and that the taxpayer had greatly overpaid its excess profits tax but because of the statute of limitations only a small portion of the overpayment which had been paid by the taxpayer within 2 years prior to the filing of the new claim was refundable. The Commissioner issued a notice of disallowance of section 722 relief under section 732 and the taxpayer petitioned this Court, contending that under section 732 it had petitioned for a "redetermination of the tax" and that when this is done and relief pursuant to section 722 is finally authorized or disallowed, the net amount due the taxpayer or the Government is refundable or collectible regardless of any intervening statute of limitations.

We held against the taxpayer in the *Fendrich* case and refused to lift the bar of the statute of limitations in making a redetermination of the tax. Regarding the committee report, we said:

We do not read the committee report cited by the petitioner as authorizing the conclusion urged. * * * The filing of the petition operates to suspend the statute of limitations only for the period *after* the mailing of the notice and could have no effect upon limitations where the refund is already barred before the notice is mailed. We would not deem it sound to erect an exception to so basic a provision as a statute of limitations merely by an inference drawn from a passage in a committee report. As the Supreme Court said in *Rothensies* v. *Electric Storage Battery Co.*, (1946) 329 U. S. 296, at page 303: "If there are to be exceptions to the statute of limitations, it is for Congress rather than for the Courts to create and limit them."

We then pointed out that the one exception to limitations in connection with applications for relief under section 722 was made by Congress when it amended section 710 (a) (5) to authorize assessment within 1 year after final determination and noted that such an amendment would have been unnecessary if the application for relief suspended all limitations.

Consistent with our holding in the *Fendrich* case, we know of no valid reason why the statute of limitations as to deficiences should not apply in finding a deficiency under section 732 (b) just as it does in section 272 of the Code of 1939. See section 729 in footnote 2, *supra*. We think that section 275 is not inconsistent with sub-

chapter E of chapter 2 and is therefore made applicable in respect to taxes imposed thereunder. We therefore hold in the instant proceedings that the 3-year period of limitations contained in section 275, *supra*, is a bar to the assessment and collection of the deficiencies prayed for in the respondent's amended answer filed June 19, 1952.

Petitioner for these 2 years, as heretofore indicated, is claiming relief under section 722 only in the event that the statute of limitations issue might be decided against it and then only to the extent of the so-called deficiencies mentioned in the amended answer. Cf. *Lewis v. Reynolds*, 284 U. S. 281. Since we have decided the limitations issue in favor of petitioner, it follows that the respondent is not entitled to any deficiencies and petitioner is not entitled to any refunds.

*Decision will be entered under Rule 50.*