**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**F. W. POE MANUFACTURING COMPANY, Respondent.**

**No. 7363.**

United States Court of Appeals
Fourth Circuit.

Argued April 10, 1957.

Decided May 22, 1957.

Harry Marselli, Attorney, Department of Justice, Washington, D. C., (Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson, Attorney, Department of Justice, Washington, D. C., on brief), for petitioner.

William H. Charles, St. Louis, Mo. (William C. Connett, IV, and Bryan,

Cave, McPheeters & Roberts, St. Louis, Mo., on brief), for respondent.

Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and PAUL, District Judge.

PARKER, Chief Judge.

This is the second time that we have had before us questions relating to the excess profits tax due by the F. W. Poe Manufacturing Company for the years 1941 and 1942. On the former occasion the Tax Court had held that it had no jurisdiction to consider a so-called "standard" issue raised by the Commissioner of Internal Revenue in a proceeding brought to it under section 732 of the 1939 Revenue Code for relief under section 722 of that code.[1] We held this to be erroneous and remanded the case to the Commissioner of Tax Court for further proceedings. Commissioner of Internal Revenue v. F. W. Poe Mfg. Co., 4 Cir., 224 F.2d 254. Upon the remand, the parties by stipulation severed the issue of the statute of limitations from the other issues in the case and submitted the case on that issue alone. The Tax Court held that the claim asserted by the Commissioner was barred by limitations on the ground that the filing of a petition under 26 U.S.C. § 732 for relief pursuant to the provisions of section 722 suspends the statute of limitations only for the period after the mailing of the notice and can have no effect where the bar of the statute has fallen before the notice is mailed. The Tax Court based this decision on its holding in H. Fendrich, Inc., 25 T.C. 262, which was later reversed by the Court of Appeals of the 7th Circuit in H. Fendrich v. Commissioner, 7 Cir., 242 F.2d 803. We think that the reasoning of the Tax Court was erroneous and that the correct rule is that stated by the 7th Circuit. In the case before us, however, we think that the judgment of the Tax Court was correct although based on erroneous reasoning. Only the invoking of relief under section 722 could free the matters embraced in the standard issues from the bar of the statute of limitations; and we think it clear from the record that relief under section 722 was invoked by taxpayer only upon the condition that it was not entitled to relief on other grounds and that it was clearly entitled to relief on those grounds. The facts are as follows:

Returns of taxpayer for the years 1941 and 1942 were filed in due course. In 1943 applications were made for relief with respect to excess profits tax under the provisions of section 722 of the 1939 Code. In 1944 the Internal Revenue agent in charge in the area sent to taxpayer a report proposing a deficiency assessment of excess profits tax of $16,669.66 for the year 1941 and $16,514.55 for the year 1942. This proposed assessment granted taxpayer some of the section 722 relief which it had asked. Taxpayer, on November 17, 1944, consented to this assessment and paid the deficiencies proposed, executing, pursuant to section 272(d) of the 1939 Code, 26 U.S.C.A. § 272(d), a waiver of the restriction contained in section 272(a). The deficiencies thus paid were duly assessed on December 15, 1944. Taxpayer heard nothing further with regard to the matter until November 2, 1951, when the Commissioner mailed taxpayer a 90 day letter, advising that relief under section 722 was disallowed and that a determination of tax liability for the years in question disclosed deficiencies in the exact amounts which taxpayer had already paid on November 17, 1944. Taxpayers, thereupon, filed a petition with the Tax Court setting forth that the de-

---

1. Section 722 of the 1939 Revenue Code authorizes the use of a "constructive average base period net income" where without the use thereof an "excessive and discriminatory tax" would result, and prescribes the rules to be followed in arriving at such "constructive average base period net income." Section 732 of that Code, 26 U.S.C.A. Excess Profits Taxes, § 732 authorizes review by the Tax Court of determinations made by the Commissioner under section 722, 26 U.S.C.A. Excess Profits Taxes, § 722.

ficiencies asserted in the 90 day letter had been previously assessed and paid and asking that the court determine that the Commissioner was barred by the statute of limitations from taking any further action with respect to such deficiencies. As an alternative prayer for relief, taxpayers asked that if the Commissioner was not so barred by the statute of limitations, taxpayers be granted relief under section 722.[2] The Commissioner filed an answer in which he admitted the assessment of the deficiencies on December 15, 1944. Later he filed an amendment to his answer in which he asserted additional deficiencies for the years in question with respect to matters involving standard issues and not allowance of relief under section 722. Taxpayer filed a reply to this answer in which it abandoned any claim for further relief under section 722.[3] Under a stipulation filed in the Tax Court, the only question for determination is whether the Commissioner is barred by limitations from asserting such deficiencies, since the period of the statute has long since elapsed, or whether the statute of limitations is inapplicable in the situation thus presented.

If there had been an unqualified request for relief under section 722 in the petition filed by taxpayer with the Tax Court, we would not think the statute of limitations applicable against the relief asked by the Commissioner, even though this was with respect to matters embraced in the standard issues. We agree with what was said by Judge Duffy in Fendrich v. Commissioner, supra, 7 Cir., 242 F.2d 803, 807, viz.:

"A redetermination of a tax liability necessarily requires inquiry into any question properly raised which might affect that tax. Congress did not limit the Tax Court's jurisdiction to all pertinent issues raised under Sec. 722, nor did it limit it to any question passed upon by the Commissioner in ruling upon the relief claims. Congress expressly stated that all pertinent issues bearing upon the tax liability under Chapter 2E, that is, the excess profits tax laws, may be raised by the taxpayer and reviewed by the Board. * * * We think it is clear from the statutory provisions and legislative history that Congress established a procedure for the proper determination of the entire tax, and that such determination of the whole tax involves a single procedure which began with the timely filing of the application under § 722 and included the rejection thereof by the Commissioner and the petition to the Tax Court."

We think, however, that the Taxpayer made no such request to the Tax Court for relief as would preclude it from relying upon the bar of the statute. The request made in 1943 for section 722

2. The prayer for relief is as follows:
"1. That respondent is barred by the statute of limitations from taking any further action on or disallowing petitioner's applications for relief under section 722 of the Internal Revenue Code for the fiscal years ending August 31, 1941 and August 31, 1942.
"2. In the alternative, if respondent is not so barred by the statute of limitations, that petitioner is entitled to relief under section 722 of the Internal Revenue Code, for the fiscal years ending August 31, 1941 and August 31, 1942, and is entitled to refunds of excess profits tax for said years in the respective amounts of $88.82 and $134.34."

3. The prayer for relief of the reply is as follows:

"Wherefore, petitioner prays that this Court may hear the proceedings and determine that respondent is barred by the statute of limitations from taking any further action in connection with petitioner's excess profits tax liability for the years ended August 31, 1941 and August 31, 1942, that respondent's notice of disallowance cannot be enlarged to support the assertion of net deficiencies, that the deficiencies asserted by respondent be denied, or that they be allowed only as an offset against the relief previously allowed by respondent under section 722 of the Internal Revenue Code, and that respondent is entitled to no net deficiencies and petitioner is entitled to no net refunds for said years."

relief, which was made to the Commissioner and not the Tax Court, was out of the picture. That relief had been partially accorded, in the action taken December 15, 1944, when the deficiencies here in question were assessed. Those deficiencies had been paid without awaiting a 90 day letter, which had been waived. More than seven years elapsed after this before the 90 day letter of November 2, 1951 was sent. At that time, taxpayer was not asking any relief under section 722 or any other provision of the tax laws, and assessments of further deficiencies for the years 1941 and 1942 were unquestionably barred by limitations. Not only were assessments of deficiencies for the years in question barred, but the collection of the deficiencies assessed in 1944 would have been barred if they had not already been collected. The bar of the statute was not affected by the agreement executed on November 17, 1944; for that related to the proposed deficiency assessment made on December 15, 1944 which had been paid.

Taxpayer, to avoid paying again deficiencies which it had already paid and which at all events were barred by the statute, had to petition the Tax Court for relief against the assessments of which it was given notice by the 90 day letter. By so doing, it did not waive the benefit of the statute as to the years in question unless in so doing it asked relief which required the Tax Court to redetermine its excess profits taxes under section 722 for those years; for it is only where such redetermination is made that the bar of the statute can be ignored. This it did not do. It asked relief under section 722 only if not entitled to relief under its pleas of payment and of limitations. As it was unquestionably entitled to the principal relief asked, i. e., under the plea of payment and limitations, it was not necessary for the Tax Court to consider its right to section 722 relief; and the case is just as though no relief under that section had been asked. The decision of the Tax Court that the de-

ficiencies asserted are barred by limitations is, therefore, unquestionably correct.

Affirmed.