Central Paper Company, Incorporated v. Commissioner.
Central Paper Co. v. Commissioner
Docket No. 31651.
United States Tax Court
T.C. Memo 1958-48; 1958 Tax Ct. Memo LEXIS 178; 17 T.C.M. (CCH) 246; T.C.M. (RIA) 58048; March 31, 1958
*178 Held, additional deficiencies claimed by respondent in an amended answer filed by him in a section 722 proceeding are barred by the statute of limitations. F. W. Poe Manufacturing Co., 25 T.C. 691, affirmed on another ground 245 Fed. (2d) 8; Commissioner v. S. Frieder & Sons Co., 247 Fed. (2d) 834, affirming a Memorandum Opinion of this Court [15 TCM 485; T.C. Memo. 1956-93]; and H. Fendrich, Inc., 25 T.C. 262, reversed 242 Fed. (2d) 803, followed. Wilbur A. Giffen, Esq., 11 South LaSalle Street, Chicago, Ill., for *179 the petitioner. Julian L. Berman, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: On September 6, 1950 respondent mailed to petitioner a notice under section 732 of the Internal Revenue Code of 1939 disallowing petitioner's applications for relief under section 722 of the Internal Revenue Code of 1939 for the years 1943, 1944, and 1945. All of petitioner's returns for the years involved were on a fiscal year basis ending June 30th and they were filed with the collector of internal revenue for the district of Michigan at Detroit, Michigan. By a petition filed December 7, 1950 in this Court, petitioner appealed seeking review of such disallowance. Further proceedings were then had which are not of interest here, such as a motion to dismiss by respondent, the sustaining of said motion by this court and the reversal of the order sustaining the motion to dismiss by the Court of Appeals for the Sixth Circuit, and the remand to this Court for further proceedings. Finally, on February 18, 1953 respondent filed his answer to the petition joining issue. On July 27, 1954 (with leave of Court granted) respondent filed an amended answer seeking not merely *180 to deny petitioner relief under section 722 of the Internal Revenue Code of 1939, but also to claim deficiencies in petitioner's excess profits tax liability for the fiscal years 1943, 1944, and 1945. Petitioner, in his reply to the amended answer, raised the issue as to whether the assessment and collection of any deficiency as claimed in said amended answer is now barred by the statute of limitations. The parties moved that the issues in the case be severed and that the issue with respect to the statute of limitations be decided first. We granted that motion to sever and the statute of limitations issue is now before us for decision. The parties have filed a stipulation of facts which is now adopted as our findings of fact. The question presented is the same as that which was presented to and decided by this Court in other cases, where we held that a deficiency claimed for the first time in an answer to a petition based upon a disallowance of a section 722 claim is barred if it was barred when the notice of disallowance was mailed. F. W. Poe Manufacturing Co., 25 T.C. 691, affirmed on another ground 245 Fed. (2d) 8; Commissioner v. S. Frieder & Sons Co., 247 Fed. (2d) 834 *181 affirming a Memorandum Opinion of this Court [15 TCM 485,; T.C. Memo. 1956-93]1; H. Fendrich, Inc., 25 T.C. 262, reversed 242 Fed. (2d) 803 (involving a refund claim filed by taxpayer which this Court held to be barred by the statute of limitations). That is the situation here for the stipulation shows the statute of limitations barred the assessment and collection of any deficiencies for the years involved before the September 6, 1950 notice of disallowance. Following our holdings in the cited cases, and the holding of the Court of Appeals for the Third Circuit in Commissioner v. S. Frieder & Sons Co., supra, we hold that the statute of limitations has barred the assessment and collection of any deficiency for the years involved. Petitioner here, as did the petitioner in Commissioner v. S. Frieder & Sons Co., supra, agrees that if the claimed deficiencies are barred, the order may be entered determining it is not entitled to any relief under any of its section 722 claims. Decision will be entered that there is no deficiency for the years 1943, 1944, and 1945 and that the petitioner is not entitled to *182 any relief for those years under section 722.