MAY BROADCASTING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53015. Filed March 16, 1960.

*Denver A. Busby, C.P.A.*, for the petitioner.
*Erving Sodos, Esq.*, for the respondent.

### OPINION.

WITHEY, *Judge:* The respondent has determined a deficiency in petitioner's income tax for 1942 in the amount of $226.04. The respondent's notice of partial disallowance of petitioner's application for relief under section 722 of the Internal Revenue Code of 1939

also discloses an overassessment in its excess profits tax liability for 1942 in the amount of $753.47.

The principal issue presented by the pleadings is the question whether petitioner filed a timely claim for refund of its excess profits tax for 1942 based upon an increase in its invested capital for that year. Additional issues presented by the pleadings are the correctness of the respondent's action (1) in determining a deficiency in petitioner's income tax for 1942 in the amount of $226.04, and (2) in partially disallowing petitioner's claim for relief under section 722 (b) (4), (c) (1), (c) (2), and (c) (3) of the 1939 Code.

All of the facts have been stipulated and are found accordingly.

Petitioner is a corporation organized under the laws of the State of Iowa with its principal place of business located at Shenandoah, Iowa.

Petitioner's income and excess profits tax returns for 1942 were filed on March 15, 1943, with the collector of internal revenue for the district of Iowa at Des Moines, Iowa. Its 1942 excess profits tax return showed no tax due for that year.

The correct excess profits tax net incomes of the petitioner for 1940, 1941, and 1942 are $1,495.28, $14,108.07, and $24,303.40, respectively.

On its excess profits tax return for 1942 petitioner disclosed its equity invested capital in the amount of $176,745.95 and showed an unused excess profits credit carryover from 1940 to 1942 of $7,830.30.

As a result of the report of respondent's agent in which he proposed a decrease in petitioner's 1942 equity invested capital in the amount of $78,475.99, it executed a waiver on Form 874 and, on October 13, 1944, it paid an excess profits tax in the amount of $8,417.59. An additional payment of excess profits tax in the amount of $837.02 subsequently was made, making its total payment of excess profits tax for 1942 amount to $9,254.61.

On November 30, 1944, petitioner filed with respondent an application for relief under section 722 of the 1939 Code, in which it claimed a refund in the amount of $8,417.59.

No additional claim for refund of excess profits tax for 1942 ever was filed by the petitioner.

On February 23, 1954, the respondent issued a notice of deficiency and partial disallowance of petitioner's application for relief under section 722.

The deficiency determined therein was a deficiency in petitioner's income tax for 1942 arising solely out of the reduction in its excess profits net income for that year as a result of the partial disallowance of relief under section 722. The respondent in his notice also determined an overassessment in petitioner's 1942 excess profits tax.

Petitioner filed with this Court on May 20, 1954, a petition for the redetermination of its income tax and excess profits tax for 1942. In its petition the petitioner alleged that its income tax deficiency should be increased to $2,862.45 and further asserted that the overassessment in its excess profits tax for 1942 should be increased to $9,254.61, claiming an overpayment in the amount of the difference, or $6,392.16. The petitioner asserted for the first time in its petition that the amount of its equity invested capital should be increased.

The parties have stipulated that if petitioner filed a timely claim for refund of its 1942 excess profits tax on the basis of an increase in its invested capital credit, it would be entitled to such a refund based upon the utilization of equity invested capital in the amount of $412,231.91.

The sole deficiency determined in the petitioner's taxes for 1942 is a deficiency in its income tax. Because of the fact that the Commissioner allowed in part the relief claimed by petitioner in its application for excess profits tax relief under section 722, an overassessment in excess profits tax was determined for 1942. The petitioner does not contend that the amount of the deficiency in income tax determined by the Commissioner is excessive but requests the Court to determine a greater deficiency in its income tax for 1942, based upon the allowance of an asserted additional overpayment of its excess profits tax for that year. The respondent claims an increased deficiency herein alternatively only upon condition that this Court should decide "that the petitioner is entitled to an overpayment of excess profits tax in excess of the amount of the overassessment determined by respondent in his statutory notice dated February 23, 1954" or "[s]hould the Court determine that petitioner is entitled to an overpayment in the full amount claimed by petitioner." Our decision herein does not accord with the conditions upon which respondent's alternative plea for an increased deficiency is based. We are therefore without justification for increasing petitioner's income tax deficiency. Sec. 272(e), I.R.C. 1939.

Since the parties have stipulated the amount of the petitioner's equity invested capital and are in agreement that it would be entitled to a refund if its refund claim is timely, the sole question here presented with respect to petitioner's claim for refund concerns the timeliness of its claim.

The parties have not raised or argued any jurisdictional question. The Court is aware, however, that it has held under similar circumstances in *Mutual Lumber Co.*, 16 T.C. 370, that it has no jurisdiction to consider and decide a question unrelated to relief under section 722. The Court of Appeals to which this case can go on appeal has taken the position that the Tax Court has jurisdiction,

*Packer Pub. Co.* v. *Commissioner*, 211 F. 2d 612 (C.A. 8), reversing 17 T.C. 882. It seems appropriate therefore to give our views on the timeliness of the claim for refund since in our view no benefit can come to petitioner even if we have jurisdiction.

The respondent has taken the position that the petitioner's claim for relief based upon an increase in its invested capital was untimely under the provisions of section 322(b) of the 1939 Code [1] which require that a claim for refund or credit must be made within 3 years from the time the return was filed or within 2 years from the date the tax was paid. The petitioner contends that both its excess profits tax return for 1942 and the application for relief under section 722, filed on November 30, 1944, represent timely claims for refund of its 1942 excess profits tax upon any grounds it may choose to advance in support thereof.

The petitioner's excess profits tax return for 1942 disclosed no excess profits tax liability for that year, and consequently it did not attempt to assert in its return a meaningless claim that it was entitled to a refund of a nonexistent tax. The return itself is devoid of any indication that it is a refund claim, or that it was intended to be such.

It is true, as the petitioner contends, that its application for excess profits tax relief under section 722 of the 1939 Code, filed on November 30, 1944, is to be considered a claim for refund or credit with respect to the tax paid prior to its filing and refundable for any reason stated in the application. Sec. 722(d), I.R.C. 1939; sec. 35.722-5(c), Regs. 112. Such a claim for refund or credit has the effect of suspending the operation of the statute of limitations, section 322(b), I.R.C. 1939. *H. Fendrich, Inc.*, 25 T.C. 262, reversed on other grounds 242 F. 2d 803; cf. secs. 722(d), 732(a), and 277.

According to the respondent's regulations, a proper refund claim must set forth in detail each ground upon which a refund or credit is asserted, together with facts sufficient to apprise the respondent of the basis thereof. Sec. 29.322-3, Regs. 111. A claim for refund must be sufficiently definite to inform the Commissioner of the items as to which the taxpayer claims error and the grounds upon which such claim is based. *Keneipp* v. *United States*, 184 F. 2d 263.

---

[1] SEC. 322. REFUNDS AND CREDITS.

(b) LIMITATION ON ALLOWANCE.—

(1) PERIOD OF LIMITATION.—Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. If no return is filed by the taxpayer, then no credit or refund shall be allowed or made after two years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer.

A timely claim asserting an overpayment of tax upon one or more specific grounds may not be amended after the expiration of the statute of limitations prescribed with respect to refund claims so as to assert a new and unrelated ground. *United States* v. *Andrews*, 302 U.S. 517; *United States* v. *Garbutt Oil Co.*, 302 U.S. 528. Applications for excess profits tax relief under section 722 of the 1939 Code operate to suspend the running of the period of limitations prescribed in section 322(b) of the Code only with respect to over-payments based upon the specific grounds asserted therein, but not with respect to new and unrelated grounds asserted for the first time after the period of limitations provided in section 322(b) has expired. *H. Fendrich, Inc., supra.*

The application for relief filed by petitioner on November 30, 1944, related solely to certain asserted grounds for relief under section 722 of the Code. It did not contain as a ground for relief the use of an invested capital credit greater than the one previously allowed and it contained no facts from which such a claim, if made, could be supported. After November 30, 1944, the petitioner filed no additional claim for refund of its 1942 excess profits tax. The petitioner asserted for the first time in its petition a claim for refund based upon an increase in its invested capital credit.

Under our decision in *H. Fendrich, Inc., supra*, the refund claim based upon the use of an increased invested capital credit asserted for the first time in the petition filed with this Court on May 20, 1954, more than 11 years after its return for 1942 was filed, and more than 9 years after its excess profits tax for 1942 was paid, is untimely.

In the *Fendrich* case, the taxpayer filed applications for excess profits tax relief pursuant to section 722 of the 1939 Code for 1943, 1944, and 1945 during the years 1948, 1945, and 1946, respectively. On May 12, 1949, the taxpayer filed an additional claim for refund for 1943, 1944, and 1945 on the further ground that its invested capital should be increased for each of those years in the amount of the value of its goodwill. On December 27, 1949, the Commissioner issued a notice disallowing in full the taxpayer's applications for relief under section 722. The taxpayer filed with this Court a petition for redetermination of its tax. We sustained the respondent's contention that the refund of overpayment to which the taxpayer would otherwise have been entitled was barred by the limitation provisions of section 322(b) because the claim relating to the increase in the taxpayer's invested capital was not raised until more than 3 years from the time its return was filed and more than 2 years from the time its tax was paid, and it therefore was untimely.

The facts in the instant proceeding call even more strongly for

the application of the bar of limitations on the refund of overpayments as provided in section 322(b) than did the situation presented in the *Fendrich* case, because there the respondent had in his possession for more than 7 months prior to the issuance of his notice of disallowance a second claim for refund setting forth a new ground in support thereof, whereas here the respondent was not apprised of the new and unrelated ground for claiming a refund of overpayment until the petitioner filed its petition with this Court.

In *H. Fendrich, Inc.* v. *Commissioner*, 242 F. 2d 803, the United States Court of Appeals for the Seventh Circuit reversed our decision in *H. Fendrich, Inc.*, *supra*, largely because of the language employed in section 732(a) of the 1939 Code.[2] The Court of Appeals placed strong emphasis upon the statement in section 732(a) that the taxpayer may file a petition with the Tax Court for a redetermination of the tax under chapter 2E, holding that a redetermination of tax liability requires inquiry into any question properly raised which might affect that tax. After noting the statement in the accompanying House Ways and Means Committee Report that "all pertinent issues bearing upon the tax liability under chapter 2E may be raised by the taxpayer and reviewed by the Board,"[3] the court concluded that the filing of an original application for relief under section 722 suspended the operation of the statute of limitations, section 322(b) and (d) of the 1939 Code, and in effect opened for our consideration any and all matters under chapter 2E of the Code which the taxpayer might care to raise, regardless of untimeliness.

The general jurisdictional power of the Tax Court, as defined under section 272(e) of the Code, is "to redetermine the correct amount of the deficiency." In excess profits tax cases, our jurisdiction, as defined in section 732(a), is to make "a redetermination of the tax." Section 732(a) extends to this Court jurisdictional power basically equivalent in scope to our general jurisdiction in other tax proceedings as defined by section 272(e). The sole difference is that under section 732(a) we have jurisdiction to determine either an overpayment or a deficiency pursuant to the dis-

---

[2] Sec. 732. REVIEW OF ABNORMALITIES BY BOARD OF TAX APPEALS [Now the Tax Court of the United States].

(a) PETITION TO THE BOARD.—If a claim for refund of tax under this subchapter for any taxable year is disallowed in whole or in part by the Commissioner, and the disallowance relates to the application of section 711(b)(1) (H), (I), (J), or (K), section 721, or section 722, relating to abnormalities, the Commissioner shall send notice of such disallowance to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the tax under this subchapter. If such petition is so filed, such notice of disallowance shall be deemed to be a notice of deficiency for all purposes relating to the assessment and collection of taxes or the refund or credit of overpayments.

[3] H. Rept. No. 146, 77th Cong., 1st Sess. (1941), p. 15.

allowance, in full or in part, of a claim for refund. Under that section, in the event of a notice of disallowance of a refund claim, it is not essential to our jurisdiction that a statutory notice of deficiency be issued. A notice of disallowance is sufficient.

It is clear from the language of section 732(a), and from the House report accompanying its enactment, that Congress intended our jurisdiction in excess profits tax cases to be based upon either the issuance of a statutory notice of deficiency or a notice of disallowance of a claim for refund of tax. The provisions of the section are operative only "[i]f a claim for refund of tax under this subchapter * * * is disallowed." The House report also plainly discloses that the filing of a proper claim for refund is the condition upon which the provisions of section 732(a) depend. In the instant case, as heretofore concluded, no "claim for refund of tax" based upon an increase in petitioner's invested capital credit can be said to be "disallowed" within the meaning of section 732(a) because no such claim, as defined by the decisions of the Supreme Court and the respondent's regulations, was ever filed. In the absence of a notice of deficiency with respect to petitioner's claimed invested capital credit, and without the filing of a timely claim for refund of tax, we are without jurisdiction to consider an excess profits tax issue raised for the first time in the petition filed with this Court after the applicable period of limitations has expired. We are of the opinion that Congress did not intend to extend our jurisdiction to the consideration of barred claims simply because it contemplated our review of "all pertinent issues bearing upon the tax liability." H. Rept. No. 146, *supra*. The question whether petitioner utilized a proper invested capital credit has no bearing whatever upon and is not "pertinent" to its claim for relief and refund of tax under section 722.

When the provisions of section 722 are closely scrutinized, the reference in the congressional history of section 732 to "pertinent issues" assumes its proper importance in the construction of the latter section. Prior sections of the Excess Profits Tax Act give rise to what are commonly called standard issues. Those sections provide, among other things, several methods of arriving at an excess profits tax credit which Congress has seen fit to extend to taxpayers. Among them is section 714 providing for an excess profits tax credit based upon invested capital, which is one of the sections involved in this case. That issues arising under section 714 are not pertinent to an issue arising under section 722 becomes clear when it is considered that the latter section *being a relief provision* only becomes operative when there exists a situation otherwise provided in the Excess Profits Tax Act *from which relief is required.* In any situ-

ation where issues remain undetermined under prior sections of the Act the taxpayer is unable to state, as is required by section 722, that his excess profits "tax computed under this subchapter (without the benefit of this section) results in an excessive and discriminatory tax." In short, so long as an undetermined issue remains with respect to petitioner's excess profits tax based on invested capital, it is not in a position where it may determine whether or not it needs the relief provided by section 722.

To reach the result contained in the opinion of the Court of Appeals for the Seventh Circuit, in our view it is necessary to conclude that Congress impliedly amended the 3-year period of limitations prescribed in section 322 (b) and (d) of the Code with respect to the filing of refund claims. Any such amendment, however, involving the suspension of a provision basic to the administration of the tax laws, would, it seems, require specific amendatory language. *Fabbri* v. *Murphy*, 95 U.S. 191; *United States* v. *Borden Co.*, 308 U.S. 188; *Posadas* v. *National City Bank*, 296 U.S. 497. We are unable to find from the language of section 732 and the accompanying committee report any intention whatever on the part of Congress to alter the effect of the limitation provisions contained in section 322 (b) and (d) of the Code with respect to claims for refund of excess profits tax. Moreover, there is nothing in the provisions of section 732 which indicates a congressional intent to broaden the definition of a refund claim as established by the decisions of the Supreme Court and the respondent's regulations. See *United States* v. *Andrews*, supra; *United States* v. *Garbutt Oil Co.*, supra; and sec. 29.322-3, Regs. 111.

Further, in the converse situation to that presented in *Fendrich*, where the Commissioner asserted a deficiency for the first time in his answer to a petition filed with this Court based upon a disallowance of a section 722 claim, it has been held that the deficiency is untimely if it was barred when the notice of disallowance was mailed. *F. W. Poe Manufacturing Co.*, 25 T.C. 691, affd. 245 F. 2d 8; *Commissioner* v. *S. Frieder & Sons Co.*, 247 F. 2d 834, affirming a Memorandum Opinion of this Court. Since, in the case before us, the respondent would have been barred on May 20, 1954 (when the petition herein was filed), from assessing a deficiency in petitioner's excess profits tax for 1942 (secs. 275(a) and 729(a), I.R.C. 1939), we see no reason to extend to the petitioner the correlative privilege of claiming a refund when both procedures are subject to the same basic 3-year period of limitations.

This case is peculiarly demonstrative of the effect of a decision permitting standard issues to be raised subsequent to the expiration of the limitation period provided by section 322 (b) and (d). Here

the petitioner has rested upon its rights with respect to section 714 until long after the time which has been provided for it to "have its day in court." It now seeks to raise a barred issue by way of a petition for relief under section 722. If petitioner at no time had a real intention of offering proof under the latter section, as could well be the case here, its petition thereunder becomes a vehicle utilized for the sole purpose of transporting a dead issue back to life. We do not think Congress intended such a result by its enactment of section 732(a). Accordingly, petitioner's claim for a refund of overpayment for 1942 based upon an increase in its invested capital is barred by the limitations prescribed in section 322(b) with respect to the filing of refund claims.

Consequently, after careful examination of the considered opinion of the Court of Appeals for the Seventh Circuit (*H. Fendrich, Inc.* v. *Commissioner, supra*), and with all deference to its views on the issue here involved, we must adhere to our opinion on this point as expressed in our decision in the *Fendrich* case.

The petitioner has not presented any evidence in support of its contention that it is entitled to excess profits tax relief under section 722 (b)(4), (c)(1), (c)(2), and (c)(3) of the 1939 Code in excess of that allowed by the Commissioner. In the absence of any testimony or other evidence which tends to rebut the presumption of correctness attaching to the respondent's determination, the petitioner has failed to meet its burden of proof and the respondent's determination of the proper amount of relief under section 722 must be sustained. *Welch* v. *Helvering*, 290 U.S. 111, affirming 63 F. 2d 976, affirming 25 B.T.A. 117; *Reinecke* v. *Spalding*, 280 U.S. 227; *Lincoln Chemical Co.* v. *Edwards*, 289 F. 458.

We cannot therefore disturb the respondent's determination of a deficiency in petitioner's income tax for 1942, which is attributable solely to the reduction in excess profits net income arising out of the partial allowance of petitioner's claim for refund of excess profits tax.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

MURDOCK, *J.*, concurring: The Commissioner determined a deficiency in income tax in this case and as a result the Tax Court has jurisdiction to determine a like deficiency, a lesser deficiency, no deficiency, or an overpayment in income tax for 1942 resulting from any error in the computation of the deficiency in income tax determined by the Commissioner.

The Commissioner also disallowed in part the application of the petitioner for relief under section 722, allowed such relief in part, and stated the amount of a resulting overassessment in excess profits tax for 1942. The Tax Court as a result of that determination by the Commissioner has jurisdiction to consider whether the petitioner is entitled to any additional relief under section 722 and, if so, to determine the amount of relief to which the petitioner is entitled.

The above states the complete extent of the Tax Court's jurisdiction in this case, and it has no further jurisdiction in this case.

The petitioner does not claim that the amount of the deficiency in income tax determined by the Commissioner is excessive but wants to have the Court determine a greater deficiency in income tax based upon the allowance of a claimed overpayment of excess profits tax. The Commissioner has not asked for an increased deficiency in income tax. See sec. 272(e). The Tax Court will not decide such a question and increase the deficiency in the absence of any claim therefor by the Commissioner. Furthermore, the Tax Court has no authority to make such mutually dependent adjustments in the absence of properly raised issues and proper jurisdiction.

The only real issue which the petitioner seeks to have this Court decide in this case relates to the petitioner's excess profits tax liability for 1942. The claimed refund of excess profits tax is based upon an increase in invested capital. The parties apparently agree that the petitioner is entitled to this increase in invested capital, but the Commissioner refuses to recognize any overpayment because the petitioner has not made a timely claim for refund of any such amount. The petitioner wants the Tax Court to decide that it filed a timely claim and wants the Tax Court to enter a decision that there is this additional overpayment in excess profits tax for 1942. The increase in invested capital is wholly unrelated to the question of any additional relief under section 722. The Tax Court, under such a determination, has no jurisdiction to consider an issue of whether a timely claim for refund based upon the increase in invested capital was filed. Jurisdiction here is contrary to our opinion in *Mutual Lumber Co.*, 16 T.C. 370.

Actually, the facts in this case present the basis for a suit for refund, but the Tax Court has no jurisdiction in a suit for refund except that it can find an overpayment if a proceeding is initiated on a determination by the Commissioner of a deficiency in that tax. Sec. 6512(b), I.R.C. 1954.

ATKINS, *J.*, concurring: Here the petitioner filed its return for 1942 on March 15, 1943, and paid a substantial portion of its excess profits tax on October 13, 1944. On November 30, 1944, it filed an

application for relief and refund pursuant to section 722 of the Internal Revenue Code of 1939. The claim was disallowed in part on February 23, 1954, and from such disallowance the petitioner filed a petition with this Court. In such situation, section 732 provides, the disallowance shall be deemed a notice of deficiency for all purposes relating to the assessment and collection of taxes or the refund or credit of overpayments.

In the application for relief the petitioner set forth as grounds for refund only those peculiar to the application of section 722. However, in its petition to this Court the petitioner raised an entirely different issue, namely, whether its invested capital should be increased. The parties have stipulated that "[i]f petitioner filed a timely claim for refund of 1942 excess profits tax based on its finally determined invested capital, it would have been entitled to a refund based upon the use of equity invested capital in the amount of $412,231.91."

Even though, as held by several circuit Courts of Appeals, we may have jurisdiction to consider the separate issue relating to invested capital and to find an overpayment based thereon, our duty does not stop there.[1] The general statute of limitations on refunds is set forth in section 322(b) of the Code and the effect of section 322(d) is to make the same general principles applicable to the refund of overpayments found by us. Thus, section 322(d) states that if this Court finds that there has been an overpayment, no credit or refund shall be made of any portion of the tax unless this Court determines as part of its decision that such portion was paid:

(A) within two years before the filing of the claim, the mailing of the notice of deficiency, or the execution of an agreement by both the Commissioner and the taxpayer pursuant to section 276(b) to extend beyond the time prescribed in section 275 the time within which the Commissioner might assess the tax, whichever is earliest, or (B) within three years before the filing of the claim, the mailing of the notice of deficiency, or the execution of the agreement, whichever is earliest, if the claim was filed, the notice of deficiency mailed, or the agreement executed within three years from the time the return was filed by the taxpayer * * *

There was no agreement pursuant to section 276(b) and it is clear that the tax was not paid within either 2 or 3 years before the mailing of the notice of deficiency (namely, the rejection of the claim). Thus, we are concerned only with the claim for refund—and the

---

[1] Prior to the Revenue Act of 1934 the extent of our power and duty was to merely find whether there had been an overpayment, and the Commissioner then determined whether the overpayment was barred by the statute of limitations, with a right in the taxpayer to further proceedings in other courts. The provisions of section 322(d) were added to the Code specifically to enlarge the jurisdiction of this Court "by giving it authority to decide the limitation question." H. Rept. No. 704, 73d Cong., 2d Sess., 1939–1 (Part 2) C.B. 581. S. Rept. No. 558, 73d Cong., 2d Sess., 1939–1 (Part 2) C.B. 620.

question is whether such claim based upon the limited grounds relating to section 722 relief, was sufficient to suspend the running of the statute of limitations against refund based upon other grounds.

It is well established by Supreme Court authority, as stated in the majority opinion, that no refund may be made pursuant to a claim unless such claim was timely filed and then only upon the grounds stated in such timely filed claim. A claim asserting one or more specific grounds may not be amended after the expiration of the statute of limitations prescribed with respect to refund claims so as to assert a new or unrelated ground. In addition to the cases cited in the majority opinion, see *United States* v. *Henry Prentiss & Co.*, 288 U.S. 73. Therefore, the application for relief was a valid claim for refund only to the extent of the grounds asserted therein, namely, matters peculiar to section 722, and was not a valid claim for refund of any overpayment based upon an increase in its invested capital. Refund of any overpayment based upon such ground was barred by the time the issue was raised before this Court. Accordingly, we cannot determine as part of our decision that payment was made within the time prescribed in section 322(d). Such a determination would be tantamount to a holding that refund is not barred.

Our opinion in *H. Fendrich, Inc.*, 25 T.C. 262, thoroughly discusses the problem in the light of the statutory history and it is my opinion that it clearly demonstrates that Congress did not intend to abrogate the usual statute of limitations on refunds in cases coming before us on the disallowance of a section 722 claim. With all due deference to the Court of Appeals for the Seventh Circuit which reversed our decision in the *Fendrich* case, I think we should adhere to our opinion in that case.

HARRON and TIETJENS, *JJ.*, agree with this concurring opinion.

———

OPPER, *J.*, dissenting: It is, I hope, unnecessary to review the legislation presently involved and its history. See *Mutual Lumber Co.*, 16 T.C. 370; *H. Fendrich, Inc.* v. *Commissioner*, (C.A. 7) 192 F. 2d 916; *Commissioner* v. *Pittsburgh & Weirton Bus Co.*, (C.A. 4) 219 F. 2d 259, reversing 21 T.C. 888; *Martin Weiner Corp.* v. *Commissioner*, (C.A. 2) 223 F. 2d 444, reversing 21 T.C. 470; *Packer Pub. Co.* v. *Commissioner*, (C.A. 8) 211 F. 2d 612, reversing 17 T.C. 882; *H. Fendrich, Inc.* v. *Commissioner*, (C.A. 7) 242 F. 2d 803, reversing 25 T.C. 262; *Willys-Overland Motors, Inc.* v. *Commissioner*, (C.A. 6) 219 F. 2d 251. But I regret to say that in my view the present opinion appears to disregard both.

Section 729(a), I.R.C. 1939, provides:

All provisions of law * * * applicable in respect of the taxes imposed by Chapter 1, shall, insofar as not inconsistent with this subchapter, be applicable in respect of the [excess profits] tax imposed by this subchapter.

Section 322(d), I.R.C. 1939, in chapter 1 states:

If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, *be credited or refunded to the taxpayer.* [Emphasis added.]

As my brother Murdock concludes in his concurring opinion, "the Tax Court * * * can find an overpayment if a proceeding is initiated on a determination by the Commissioner of a deficiency in that [excess profits] tax."

But by section 732(a), I.R.C. 1939, it is made clear that if a claim for refund under section 722 is disallowed, and if notice thereof is given to the taxpayer, he "may file a petition with the Board of Tax Appeals for a redetermination of the [excess profits] tax under this subchapter. If such petition is so filed, *such notice of disallowance shall be deemed to be a notice of deficiency for all purposes relating to * * * the refund or credit of overpayments.*" (Emphasis added.)

It has never been assumed that a claim for refund is necessary for a determination by the Tax Court of an overpayment under such circumstances pursuant to the provisions of section 322(d); and in no case to which reference is made has it been so held. It seems to me to follow that not only does the Tax Court have jurisdiction of the issue in this proceeding, namely, the "redetermination of the [excess profits] tax under this subchapter," but that, in fact, it is obliged to consider the question, and if there has been an overpayment, to make its determination accordingly. As to the existence of an overpayment, there is apparently no dispute between the parties so that the conclusion would seem to be necessary and obvious.

The opinion scarcely even mentions section 322(d) and it is perhaps gratuitous to discuss the later provisions of that subsection here. But it may, nevertheless, be commented in passing that those provisions have always been considered to be a subject for decision under Rule 50 rather than in the opinion; that the petitioner has no burden here to show that part or all of the tax may be refundable under that subsection; that for all that appears, at least part of it and perhaps all of it is so refundable; and finally, that section 322(d) is administrative and refers to respondent's legal authority to make the refund and concerns the Tax Court only to the extent

that it is required "as part of its *decision*" to make findings with respect to the times when certain acts took place. (Emphasis added.)

It is in my view especially unfortunate for the Tax Court to take the present position since in the only two circuits which have considered the question,[1] the opposite conclusion has been reached. *H. Fendrich, Inc.* v. *Commissioner, supra; Commissioner* v. *F. W. Poe Mfg. Co.*, (C.A. 4) 245 F. 2d 8, affirming on other grounds 25 T.C. 691. We are not presently concerned with the related question of whether it is left open to respondent to assert a deficiency on other grounds, see *Commissioner* v. *S. Frieder & Sons Co.*, (C.A. 3) 247 F. 2d 834, affirming T.C. Memo. 1956–93, or whether that case can be reconciled with the second *Fendrich* case, and *Commissioner* v. *F. W. Poe Mfg. Co., supra.* But it may be observed that respondent has claimed an increased deficiency in income tax if we determine the excess profits tax question in petitioner's favor; apparently thereby assuming that we have jurisdiction, see section 734, I.R.C. 1939, to impose even an income tax deficiency for the same year with respect to which an excess profits tax question remains open.

While it is not clear from the opinion whether the question of jurisdiction has been considered, it seems evident that not only does jurisdiction exist under the present facts, *Packer Pub. Co.* v. *Commissioner, supra*, but also that the Tax Court is authorized and, in fact, required to determine whether there has been an overpayment, and if so, the amount thereof. I am forced to note my respectful dissent.

FISHER, PIERCE, MULRONEY, FORRESTER, TRAIN, and DRENNEN, *JJ.*, agree with this dissent.

---

DRENNEN, *J.*, dissenting: I agree with Judge Opper's dissenting opinion. If after filing its return a taxpayer wanted to claim a refund of excess profits tax by virtue of both section 722 and an increase in equity invested capital, it would have to proceed in two different courts under the rule of the majority opinion. If the Commissioner rejected its claim for an increased equity invested capital credit, it would have to sue for refund in the District Court or the Court of Claims. If the Commissioner also rejected its claim for relief under section 722, section 732(a) provides that it "may file a petition with the Board of Tax Appeals for a redetermination of the [excess profits] tax under this subchapter." Thus the 722

---

[1] This alone would be enough to justify renouncing the Tax Court's *Fendrich* principle. Cf. *Arthur L. Lawrence*, 27 T.C. 713, reversed on other grounds (C.A. 9) 258 F. 2d 562, with *Robert M. Dann*, 30 T.C. 499, 510; *Automobile Club of New York, Inc.*, first concurring opinion, 32 T.C. 906, 916.

relief claim would be before this Court. But we could not correctly redetermine the excess profits tax until the excess profits credit had been determined.

PIERCE, *J.*, agrees with this dissent.