WILLIAM M. GREVE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97522.   Promulgated June 19, 1940.

*Lawrence A. Baker, Esq.*, for the petitioner.
*James R. Johnston, Esq.*, for the respondent.

OPINION.

MURDOCK: Section 275 of the Revenue Act of 1928 required that income taxes for the calendar year 1931 should be assessed within two years after the return was filed. The petitioner has shown that he filed his return for the calendar year 1931 on March 15, 1932. He has thus made a prima facie showing that the period for assessment and collection of the taxes in controversy expired on March 14, 1934. It then became encumbent upon the Commissioner to show that the two-year period of limitation which began on March 15, 1932, had not expired on December 19, 1938, when he mailed the notice of deficiency upon which this proceeding is predicated. The Commissioner has shown that he mailed a letter on February 23, 1934, and remailed that letter on March 8, 1934, and he contends that those letters, or one of them at least, was a proper notice under section 272 (a) which suspended the running of the two-year period of limitation from that date until 60 days after the decision of the Board at Docket No. 75686 became final.

The decision of the Board at Docket No. 75686 is fatal to this contention of the Commissioner. The Board there considered all of the facts which are pertinent to the question of whether or not either one of those letters was a notice of deficiency in accordance with the provisions of section 272 (a), and held that neither constituted a notice as authorized and required under section 272 (a). The Commissioner's only escape from the effect of that decision was to prosecute a successful appeal. He did not do that and is now foreclosed from contending that either the letter of February 23 or that of March 8 was a notice authorized and required by section 272 (a) as a preliminary to assessment and collection of the taxes for 1931. Thus, we conclude in the present proceeding that the Commissioner allowed the two-year period

of limitation upon assessment and collection to expire without mailing to the taxpayer, as authorized and required by section 272 (a), a notice of deficiency, and since that period expired on March 14, 1934, obviously the running of the period could not be suspended by anything which happened thereafter. *American Railways Co.*, 30 B. T. A. 939.

The statutory provision upon which the Commissioner relies is as follows:

SEC. 277. SUSPENSION OF RUNNING OF STATUTE.

The running of the statute of limitations provided in section 275 or 276 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under section 272 (a)) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court ('and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Board, until the decision of the Board becomes final), and for 60 days thereafter.

The limitation upon assessment and collection provided in section 275 necessarily limits the time within which a notice of deficiency may be mailed. Section 272 (a) authorizes the sending of a notice of deficiency and provides that no assessment or collection shall be made until the notice has been mailed, until the expiration of the period for the filing of a petition with the Board, and, if a petition has been filed, until the decision of the Board has become final. It is obvious from these provisions that the mailing of a proper notice under section 272 (a) suspends the running of the period of limitation upon assessment and collection from the day upon which the notice is mailed. But the suspension was predicated upon the mailing of a notice under section 272 (a). In other words, there was no suspension until after the mailing of a notice under section 272 (a). Once the Commissioner had sent out a notice of deficiency, he had to wait until the taxpayer had an opportunity to exhaust his rights before the Board. The statute suspended the running of the period of limitation while the Commissioner's hands were thus tied and for 60 days thereafter. This was so under section 277 (b) of the Revenue Act of 1926. It was discovered that the Commissioner needed some additional protection where defective petitions were filed with the Board[1] and the portion of section 277 of the Revenue Act of 1928 marked off with the second set of parentheses was inserted for that purpose.

---

[1] A petition might be filed after the statutory period for filing petitions with the Board had expired, a paper filed within the period might prove insufficient to constitute a petition, a waiver filed might prove to be invalid, a review bond might not be filed, and in any such cases the Commissioner could not safely delay assessment and collection, so Congress decided to give protection to both parties by suspending the running of the period of limitation from the time any proceeding was placed on the docket of the Board until the decision of the Board with respect thereto became final and for sixty days thereafter. See Ways & Means Committee Report No. 2, 70th Cong., 1st sess, p. 23, and Senate Finance Committee Report No. 960, 70th Cong., 1st sess., p. 31.

There is nothing in section 277 or its legislative history to indicate an intention on the part of Congress to protect the Commissioner in case he did not send out a notice in accordance with section 272 (a) or to protect the Commissioner by suspending the statute from the date upon which he sent out a notice which did not comply with the provisions of section 272 (a). The defect in the notice mailed on February 23, 1934, was due entirely to an error of the Commissioner for which the petitioner was in no way to blame. Thereafter, but within the two-year period of limitations, there were two occasions when he might reasonably have been expected to have corrected his error by sending out a notice by registered mail to the petitioner in strict compliance with section 272 (a). He chose to rely upon the effectiveness of what he had already done. The Board held that his prior notices were ineffective. The sending of the second notice is a recognition that the first was ineffective. It is not surprising to find that there are no statutory provisions saving the Commissioner from the running of the statute of limitations under such circumstances. Cases cited by the Commissioner, holding that the running of the statutory period of limitations is suspended from the date upon which a proper notice under section 272 (a) is mailed, are not in point here, where he did not send such a notice within the statutory period.

*Decision will be entered for the petitioner.*