**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**The S. FRIEDER & SONS COMPANY, Respondent.**

**The S. FRIEDER & SONS COMPANY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

Nos. 12125, 12126.

United States Court of Appeals
Third Circuit.

Argued May 16, 1957.

Decided Sept. 9, 1957.

Harry Marselli, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson, Attorney, Department of Justice, Washington, D. C., on the brief), for Commissioner.

Samuel H. Levy, Philadelphia, Pa. (Bernard Wolfman, Philadelphia, Pa., Wolf, Block, Schorr and Solis-Cohen, Philadelphia, Pa., on the brief), for S. Frieder & Sons Co.

Before STALEY, and HASTIE, Circuit Judges, and SORG, District Judge.

HASTIE, Circuit Judge.

The principal question here is whether a certain excess profits tax deficiency claim is barred by a statute of limitations. We have already held in this case on an earlier appeal that the fact that this claim is based upon a so-called "standard issue" does not preclude its adjudication in a proceeding under Section 732 of the Internal Revenue Code of 1939[1] to redetermine the taxpayer's excess profits tax for the year in controversy. Commissioner of Internal Revenue v. S. Frieder & Sons Co., 3 Cir., 1955,

228 F.2d 478. Pursuant to our mandate on that appeal the Tax Court has now taken jurisdiction over the controversy and, after due hearing, has determined that the assessment and collection of the deficiency now claimed is barred by the three year limitation on assessments, as imposed by Section 275 of the Internal Revenue Code of 1939, 26 U.S.C. § 275 and made applicable to excess profits taxes by Section 729(a).

The relevant chronology starts with July 14, 1945, the day the taxpayer filed its excess profits tax return for 1944 which is now in question. In November 1945 the taxpayer filed a petition for abnormality relief under Section 722, seeking a special and limited adjustment of its 1944 excess profits tax. This petition, later amended, was not acted upon until December 27, 1949, when the Commissioner mailed taxpayer a notice of disallowance of its Section 722 claim. On March 24, 1950, taxpayer challenged this disallowance by filing with the Tax Court a petition, as authorized by Section 732, for a redetermination of its excess profits tax liability. On January 26, 1953, the Commissioner filed an amended answer to this petition in which he for the first time asserted and claimed a deficiency of more than $100,000 in taxpayer's excess profits tax for 1944. It is this claim which the Tax Court has found to have been barred by the statute of limitations.

In the Excess Profits Tax Act of 1940, which became subchapter E of Chapter 2 of the Internal Revenue Code, 54 Stat. 975, 26 U.S.C. § 710 et seq., 26 U.S.C.A. Excess Profits Taxes, § 710 et seq., Congress, instead of repeating many stat-

1. "§ 732. Review of abnormalities by The Tax Court of the United States (a) Petition to the Tax Court.

"If a claim for refund of tax under this subchapter for any taxable year is disallowed in whole or in part by the Commissioner, and the disallowance relates to the application of section 711(b) (1) (H), (I), (J), or (K), section 721, or section 722, relating to abnormalities, the Commissioner shall send notice of such disallowance to the taxpayer by registered mail. Within ninety days after such no-

tice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with The Tax Court of the United States for a redetermination of the tax under this subchapter. If such petition is so filed, such notice of disallowance shall be deemed to be a notice of deficiency for all purposes relating to the assessment and collection of taxes or the refund or credit of overpayments."

utory provisions of general application which already appeared in Chapter 1, the income tax chapter, stipulated in Section 729(a) that "all provisions of law ·(including penalties) applicable in respect of the taxes imposed by Chapter 1 [I.R.C.1939], shall, insofar as not inconsistent with this [excess profits] subchapter, be applicable in respect of the tax imposed by this subchapter." One of the general procedural provisions thus made applicable to excess profits taxation is the requirement of Section 272 of Chapter 1 that the Commissioner may not assess or collect a deficiency until he shall have given the taxpayer notice of the alleged deficiency.

This procedure ties in with two general statute of limitations provisions, which are also made applicable to the assessment of the excess profits tax by the above quoted language of Section 729 (a).[2] Section 275(a) bars the assessment of deficiencies whenever three years shall have elapsed since the filing of the taxpayer's return for the year in question.[3] Section 277 gives to a notice of deficiency sent out under Section 272 the effect of suspending the running of the statute of limitations pending disposition of that deficiency claim. To this extent, in the normal case at least, it is clear that "the basic period of limitations of three years after the return was filed * * * is made applicable to excess profits taxes by the provisions of Section 729(a)." Hardaway Motor Co., 1952, 18 T.C. 824, 825 note 2, affirmed, 5 Cir., 1953, 207 F.2d 872.

But the Commissioner contends that a different and contrary rule obtains in situations like the present one which

often arise when the effort of a taxpayer to obtain abnormality relief under Section 722 leads to a Section 732 proceeding in which either the Commissioner or the taxpayer elects to raise "standard issues" concerning deficiencies or overpayments in the excess profits tax already returned and paid for the year in question. It is the Commissioner's position that the three year limitation period declared in Section 275 cannot bar a deficiency assessment in this special situation.[4] And he is not alone in that conclusion for the Court of Appeals for the Seventh Circuit has reasoned that, because a Section 732 abnormality proceeding may, in possible eventuality, lead to litigation of "standard issue" deficiency and overpayment claims, the very filing of a claim for abnormality relief under Section 722 should be treated as tolling any statute of limitations which may then be running against the assessment of such potential deficiency and overpayment claims. H. Fendrich, Inc. v. Commissioner, 7 Cir., 1957, 242 F.2d 803. And even more recently the Court of Appeals for the Fourth Circuit has stated that it agrees with what was said in the Fendrich case. See Commissioner of Internal Revenue v. F. W. Poe Mfg. Co., 4 Cir., 1957, 245 F.2d 8.

 The Tax Court, however, has been persuaded that the running of the three year statute of limitations against deficiency assessments is not suspended until notice of deficiency is given in the manner provided in Section 732. F. W. Poe Mfg. Co., 1956, 25 T.C. 691, affirmed on other grounds, 4 Cir., 245 F.2d 8. Actually, the filing of an abnormality claim under Section 722 is no notice of

2. While it is not disputed that Section 729 (a) was intended to make statute of limitations provisions of Chapter 1 applicable to subchapter E of Chapter 2, we note that the Congressional Committee Report on this section explicitly said so. H.R.Rep. No. 2894, 76th Cong., 3d Sess., 29, 1940–2 Cum.Bull. 496, 517.

3. "§ 275. Period of limitation upon assessment and collection.

&ast; &ast; &ast; &ast; &ast;

"(a) General rule. The amount of in-

come taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period."

4. The Commissioner argues that a refund claim may be barred, but not a deficiency claim. However, our disagreement with him on the deficiency claim makes it unnecessary to elaborate this distinction.

deficiency and does not in itself enable the Commissioner thereafter to claim a deficiency in that proceeding. Section 732 requires that two additional things be done to make such a claim possible. First, the Commissioner must give notice of disallowance of the abnormality claim and, second, the taxpayer must then, in the language of Section 732(a), "file a petition with the Tax Court of the United States for a redetermination of the tax under this [excess profits tax] subchapter." If, but only if, such a petition is filed the Commissioner's notice of disallowance of the abnormality claim, again in the words of Section 732(a) "shall be deemed to be a notice of deficiency for all purposes relating to the assessment and collection of taxes * * *." We already have pointed out that normally the combined effect of Section 275 and Section 277 is to cause the three year statute of limitations on excess profits tax deficiency assessments to run until it shall be suspended by the Commissioner's issuance of such a deficiency notice as is a statutory prerequisite to assessment. But if the statutory period has fully run before the giving of such notice, the bar is not removed by that untimely notice. William M. Greve, 1940, 42 B.T.A. 142. These interrelated considerations have led the Tax Court to conclude that a deficiency claim in a Section 732 proceeding comes too late unless the notice of disallowance which, under the scheme of that section, serves as a notice of deficiency shall have been given within three years after the filing of the taxpayer's return. F. W. Poe Mfg. Co., supra.

On its face this reasoning seems sound. In asking that we reject it the Commissioner urges that such barring of a deficiency claim is inconsistent with the basic design of Section 732 to permit a comprehensive redetermination of excess profits tax liability whenever a taxpayer elects to contest the disallowance of an abnormality claim. This seems to have been the argument which persuaded our colleagues of the Fourth and Seventh Circuits. But we think the facts

of this very case refute that argument of inconsistency. It will be remembered that the taxpayer's return for the year in question was filed July 14, 1945. Soon thereafter, on November 16, 1945, taxpayer filed an application for abnormality relief. He amended this application on September 22, 1947. The normal three year period for filing a notice of deficiency did not expire until July 14, 1948, two and one-half years after the original application for relief and ten months after this amendment. At any time during this interval the Commissioner could have protected any prospective deficiency assessment from the running of the statute of limitations by giving notice of denial of the abnormality claim. Or, he could have sought such consent to the extension of the period of deficiency assessment as is expressly approved by Section 276(b). At most, the fact that the statute of limitations was running made it incumbent upon the Commissioner to act speedily if he wished to safeguard the comprehensive character of any future redetermination of the taxpayer's excess profits tax. This time pressure is no more inconsistent with the basic statutory scheme than is any other short term statute of limitations which requires prompt action to avoid the barring of a right which the legislature has conferred.

A separate point is made concerning certain language in a report of a committee of the House of Representatives explaining and recommending the adoption of the legislation which is now Section 732 of Title 26. That report reads in part as follows:

"* * * section 732 * * * provides that the taxpayer may file a petition with the Board of Tax Appeals within 90 days after notice of such disallowance is mailed for redetermination of the excess-profits tax. If such petition is filed such notice of disallowance is deemed to constitute a notice of deficiency for the purposes of assessment and collection of any deficiencies and the credit or refund of overpayments

(including the suspension of the statute of limitations with respect thereto). If such appeal is taken, then all pertinent issues bearing upon the tax liability under Chapter 2E may be raised by the taxpayer and reviewed by the Board. If the Board does not find an overassessment but finds a deficiency in such cases, such deficiency may be assessed and collected, regardless of any statute of limitations otherwise applicable." H. R. Rep. No. 146, 77th Cong. 1st Sess. 14-15, 1941-1 Cum. Bull. 550, 560-1.

The Commissioner reads into the last sentence of the quoted explanatory comment a legislative intention that no statute of limitation shall apply to the assessment or collection of a deficiency in a proceeding under Section 732. However, such an interpretation is not consistent with the language two sentences earlier in the same paragraph expressly stating that the Commissioner's notice of disallowance of an abnormality claim shall have the effect of a notice of deficiency in suspending the statute of limitations with respect to deficiency assessments and refunds. Indeed, the two provisions make sense together only if the last phrase of the paragraph, "regardless of any statute of limitations otherwise applicable", has reference to any statute which might bar the proceeding but for the suspension of its running as accomplished by the deficiency notice. Therefore, we think this legislative report supports rather than contradicts the Tax Court's thought that the statute of limitations will bar any deficiency assessment in a Section 732 proceeding unless notice as provided in that section shall have been given within the three year period of limitations.

Finally, the taxpayer has filed a protective petition for review with reference to its claim for abnormality relief under Section 722, but has agreed to withdraw its claim if the Tax Court is sustained on the statute of limitations issue. For the reasons we have stated we think the Tax Court was right and thus find it unnecessary to consider the merits of taxpayer's petition. However, if our decision should be reviewed we believe that issue will not be foreclosed.

In deciding this case we have considered only the situation in which the government is demanding payment of additional money by the taxpayer. We do not reach the question whether the taxpayer could find refuge in the statute of limitations if the government were claiming equitable diminution of a refund otherwise payable to the taxpayer. Cf. Stone v. White, 1937, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265; Lewis v. Reynolds, 1932, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293.

The decision of the Tax Court will be affirmed.