**MIDLAND MORTGAGE COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV–83–46–W.**

United States District Court, W.D. Oklahoma.

Aug. 10, 1983.

Joseph G. Shannonhouse, IV, Thomas J. Morgan, Andrews, Davis, Legg, Bixler, Milsten & Murrah, Oklahoma City, Okl., for plaintiff.

William S. Price, U.S. Atty., Cary L. Jennings, Atty., Tax Division, Dept. of Justice, Dallas, Tex., for defendant.

## ORDER

LEE R. WEST, District Judge.

This matter comes before the Court upon the plaintiff's Motion for Summary Judgment. The defendant filed a Motion for Summary Judgment on Issues One and Two and replied to plaintiff's motion. The plaintiff responded to defendant's Motion for Partial Summary Judgment.

In its Complaint the plaintiff alleges that the defendant invalidly assessed and illegally collected income taxes from the plaintiff for its fiscal tax years ending July 31, 1971, and July 31, 1972. The parties stipulated that the following facts are undisputed:

1. Midland Mortgage Co. is the correct name of plaintiff in this case, rather than Midland Mortgage Company.

2. Plaintiff, Midland Mortgage Co. (Midland) is the parent corporation of a group of affiliated corporations, as defined in the Internal Revenue Code of 1954 (26 U.S.C.), as amended, and as such, timely filed consolidated corporate federal income tax returns for its tax years 1971 and 1972, paying the taxes due on said returns.

3. By letter dated September 13, 1974, the Internal Revenue Service sent Midland a statutory notice of deficiency for its tax years 1967, 1970, 1971, and 1972.

4. On December 11, 1974, Midland timely filed a petition to the United States Tax Court to seek a redetermination of such deficiencies.

5. On or before June 30, 1975, Midland filed a claim for a tentative allowance of investment tax credit and net operating loss carrybacks to the tax years 1971 and 1972 from the tax year 1974. Such claim was allowed by the Internal Revenue Service.

6. On December 22, 1976, the United States Tax Court entered its decision for the tax years 1967, 1970, 1971, and 1972. Such decision became final 90 days from the date of entry, there being no appeal taken therefrom.

7. On February 16, 1977, the Internal Revenue Service notified Midland by letter of its determination that the net operating loss and investment credit carrybacks from tax year 1974 to tax years 1971 and 1972 should be disallowed, and Midland thereafter executed a timely consent (Form 872) extending the period for assessment for the tax year 1974 until June 30, 1978.

8. By letter dated March 20, 1978, the Internal Revenue Service sent a second statutory notice of deficiency for Midland's tax years 1971 and 1972. Such notice was based on the Internal Revenue Service's determination that the carrybacks from tax year 1974 to tax years 1971 and 1972 were not wholly allowable.

9. On June 16, 1978, Midland timely filed a petition in the United States Tax Court to seek a redetermination of the deficiencies alleged in the March 20, 1978, notice of deficiency.

10. On February 27, 1980, the United States Tax Court entered its decision dismissing the case for lack of jurisdiction based on the holding that the March 20, 1978, statutory notice of deficiency was invalid. Such decision became final 90 days from the date of entry, there being no appeal taken therefrom.

11. On June 20, 1980, the Internal Revenue Service assessed Midland for tax and interest in the amount of $28,769.60 and $11,906.87, respectively, for the tax year 1971, and for tax and interest in the amount of $4,071.76 and $1,685.18, respectively, for the tax year 1972. Notices of the assessments were sent to Midland on that date.

12. Form 4428 may be used by the Internal Revenue Service to notify a taxpayer of a mathematical error assessment under 26 U.S.C. § 6213(b)(1).

13. On or about June 24, 1981, Midland, under protest, fully paid, with interest, the assessments referred to in paragraph 11 above.

14. On October 12, 1982, Midland filed with the Internal Revenue Service, claims for refund of the amounts paid in 1981.

15. By letters dated November 4, 1982, the Internal Revenue Service disallowed both of Midland's claims for refund.

16. Upon decision by the Court of this action, recomputations of tax will be made if the decision is in favor of Midland. The recomputation will be submitted to Midland for approval within a reasonable time after decision is entered.

The plaintiff contends that of three alternative remedies to correct erroneous carryback adjustments provided for by the Internal Revenue Code the defendant attempted to use the following provided for by 26 U.S.C. § 6213(b)(3):

> (3) Assessments arising out of tentative carryback or refund adjustments. If the Secretary determines that the amount applied, credited, or refunded under section 6411 is in excess of the overassessment attributable to the carryback or the amount described in section 1341(b)(1) with respect to which such amount was applied, credited, or refunded, he may assess without regard to the provisions of paragraph (2) the amount of the excess as a deficiency as if it were due to a mathematical or clerical error appearing on the return.

The plaintiff contends that this remedy is unavailable to the defendant for the following two reasons: (1) The assessment was invalid due to the Commissioner's failure to comply with the statutory requirements of notification under the math error assessment provisions; (2) The assessment was invalid because it was made after the statute of limitations had run.

Compliance with Statutory Requirements

Plaintiff contends that in order for the Commissioner to use the remedy provided by 26 U.S.C. § 6213(b)(3) he must comply with 26 U.S.C. § 6213(b)(1)—Assessments

arising out of mathematical or clerical errors. The paragraph provides that the taxpayer must be notified of the error alleged and be given an explanation thereof. Plaintiff contends that because the notice sent to the plaintiff failed to give the prescribed explanation of the alleged errors, the notice was invalid. Plaintiff also contends that because the notice was invalid, the defendant cannot use the remedy provided by 26 U.S.C. § 6213(b)(3) and the assessment pursuant to 26 U.S.C. § 6213(b)(3) is invalid.

Defendant contends that the plaintiff was properly assessed under 26 U.S.C. § 6213(b)(3). Defendant further contends that § 6213(b)(3) does not incorporate the notice requirements of § 6213(b)(1), and that the Treasury Regulation applicable to assessments under § 6213(b)(3) is Regulations Section 301.6213–1(b)(2) which provides in part:

Either before or after assessing such an amount, the district director or the director of the regional service center will notify the taxpayer that such assessment has been or will be made.

Defendant contends that no particular form of notice is required and the plaintiff received notice of the assessments in a variety of forms both before and after they were made. Defendant contends that the following notice of the assessments were given to the plaintiff:

1. As stated by the Tax Court in its recital of facts in *Midland Mortgage Co.,* *supra,* at 904, the Internal Revenue Service notified Midland by letter in February of 1977 of its determination that the carrybacks in issue should be disallowed.

2. Attached to the stipulation of the parties as Exhibit "A" is the Notice of Deficiency sent to Midland on March 20, 1978. As the exhibit shows, a full explanation of the proposed adjustments were given at that time.

3. Attached to the stipulation of parties as Exhibits "B" and "C" are the June 20, 1980, Notices which were sent to Midland after the assessments were made. As the exhibits show, the date and amounts of the assessments for each tax year were clearly identified.

4. Not reducible to stipulation as evidence is the frequent contact that Midland and its representatives had with the Internal Revenue Service regarding these carryback adjustments, beginning with the administrative dispute in 1977, through the Tax Court from 1978 to 1980, and up to the time of the present suit for refund.

Defendant also contends that even if the plaintiff were correct in its contention that the assessments were procedurally imperfect, it is still not entitled to a refund of tax; it is well established that the taxpayer has the burden of showing that it actually overpaid its tax and how much was overpaid.

Plaintiff contends that with regard to the Proposal of Disallowance in February of 1977 and the Statutory Notice of Deficiency on March 20, 1978, the Tax Court's decision that the March 20, 1978 Statutory Notice of Deficiency was invalid renders these notices null and void and having no power or effect to substantiate the June 20, 1980, notices. Plaintiff contends that the June 20, 1980, notices do meet the statutorily prescribed requirement that an explanation must be given along with the notice of assessment. With regard to "the frequent contact that Midland and its representatives had with the Internal Revenue Service," plaintiff contends that during this time plaintiff was involved in another dispute with the defendant regarding employment taxes when the June 20, 1980, notices were received and plaintiff thought that these notices pertained to its employment tax dispute. Plaintiff also contends that defendant's contention that the taxpayer has the burden of showing that it actually overpaid its tax and how much was overpaid is misplaced because the error in the assessment of the plaintiff is not a mere technical error, but an error which affects the defendant's ability to assess and collect taxes.

Compliance with Statute of Limitations

Title 26, United States Codes, section 6501(h) provides:

In the case of a deficiency attributable to the application to the taxpayer of a net operating loss carryback or a capital loss carryback (including deficiencies · which may be assessed pursuant to the provisions of section 6213(b)(3)), such deficiency may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the net operating loss or net capital loss which results in such carryback may be assessed.

Title 26, United States Code, section 6501(a) provides:

Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

Title 26, United States Code, section 6503(a)(1) provides:

The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or the collection by levy or a proceeding in court, in respect to any deficiency as defined in section 6211 (relating to income, estate, gift and certain excise taxes), shall (after the mailings of a notice under section 6212(a)) be suspended for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.

Plaintiff contends that the assessment is invalid because it was made after the statute of limitations had run. Plaintiff further contends that the carryback involved here arose from plaintiff's fiscal year ended July 31, 1974, and the period for assessment of taxes related to plaintiff's fiscal year 1974 lapsed on June 30, 1978.

Defendant contends that the taxpayer was assessed before the limitations period on assessments had run, and that by agreement between plaintiff and defendant, the period of limitations on assessment of the defendant's proposed carryback adjustments was extended to June 30, 1978 (Stip. ¶ 7) and on June 16, 1978, before the expiration of the limitations period, plaintiff filed a petition in Tax Court on the second Notice of Deficiency (Stip. ¶ 9). Defendant further contends that under 26 U.S.C. § 6503(a)(1) the filing of a petition in Tax Court suspends the running of the limitations period until the Tax Court decision becomes final and for 60 days thereafter. Defendant contends that Tax Court proceedings suspend the running of limitations where the proceedings are dismissed on jurisdictional grounds, where the petition is dismissed for untimely filing, or where the merits of the deficiency are not reached.

Plaintiff contends that a taxpayer's procedural errors, after the issuance of a valid Statutory Notice, which prevent timely assessment do not prevent the Service from making an assessment upon the conclusion of the Tax Court proceeding. Plaintiff contends that defendant's argument that the docketing of a tax court proceeding in itself suspends the statute of limitations is a misreading of 26 U.S.C. § 6503(a); in order for the limitations period to be tolled, 26 U.S.C. § 6503(a) requires the issuance of a valid Statutory Notice of Deficiency under 26 U.S.C. § 6212(a). · Plaintiff contends that the March 20, 1978, Statutory Notice was declared invalid by the Tax Court because of the failure of the defendant to observe the requirement of 26 U.S.C. § 6212(c)(1) and therefore the Tax Court proceeding docketed pursuant to the invalid Statutory Notice did not toll the statute of limitations.

■ On a motion for summary judgment, we must construe the facts in a way most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 82

S.Ct. 993, 8 L.Ed.2d 176 (1962). Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another. *See, SEC v. American Commodity Exchange, Inc.*, 546 F.2d 1361 (10th Cir.1976). *See also,* Wright & Miller, *Federal Practice and Procedure:* § 2720 at 464 (1973). The existence of any "genuine issue as to any material fact precludes the grant of summary judgment." Rule 56(c), F.R.Civ.P. This Court does not find the existence of any genuine issue as to any material fact; therefore, summary judgment is appropriate.

■ This Court finds that the plaintiff was properly assessed under 26 U.S.C. § 6213(b)(3). This Court does not find that § 6213(b)(3) requires that the taxpayer be notified of the error alleged and be given an explanation thereof as required by 26 U.S.C. § 6213(b)(1). The Treasury Regulation applicable to assessments under § 6213(b)(3), Regulations, Section 301.6213–1(b)(2), states that the taxpayer must be notified either before or after assessment and no requirement that an explanation be given is stated. This Court finds that the June 20, 1980, notices complied with the provision of 26 U.S.C. § 6213(b)(3).

■ This Court finds, however, that the assessment is invalid because it was made after the statute of limitations had run. The United States Tax Court in *Midland Mortgage Co.*, 73 T.C. 902 (1980), held that

pursuant to section 6212(c) the prior Tax Court proceedings involving the same taxable years foreclosed the issuance of a second statutory notice of deficiency. Accordingly, the Tax Court has no jurisdiction to entertain this case because the present petition was filed in response to the issuance of an invalid statutory notice of deficiency.

As the Tax Court held, then, the March 20, 1978, notice was invalid. The Tax Court proceeding instituted by the plaintiff on June 16, 1978, seeking a determination of the deficiencies alleged in the invalid March 20, 1978, notice of deficiency did not suspend the running of the statute of limitations. In *Greve,* 42 B.T.A. 142 (1940), the petitioner was sent two letters to notify him of the determination of a deficiency for 1931 before the period of limitations ran. Neither were determined by the Board of Tax Appeals to be notice as authorized and required by the Revenue Act of 1928, and the Board dismissed the proceeding for lack of jurisdiction. Subsequently, the Commissioner sent the petitioner another letter to notify him of the determination of a deficiency for 1931. The petitioner then filed another petition with the Board of Tax Appeals. The Board of Tax Appeals held that

[t]he running of the period of limitation upon assessment and collection is not suspended under section 277 of the Revenue Act of 1928 by the sending of a notice which is not a proper notice under section 272(a). There can be no suspension of the running after the period has completely run.

The Board stated at page 145 that

[t]here is nothing in section 277 or its legislative history to indicate an intention on the part of Congress to protect the Commissioner in case he did not send out a notice in accordance with section 272(a) or to protect the Commissioner by suspending the statute from the date upon which he sent out a notice which did not comply with the provisions of 272(a). The defect in the notice mailed on February 23, 1934, was due entirely to an error of the Commissioner for which the petitioner was in no way to blame. Thereafter, but within the two-year period of limitations, there were two occasions when he might reasonably have been expected to have corrected his error by sending out a notice by registered mail to the petitioner in strict compliance with section 272(a). He chose to rely upon the effectiveness of what he had already done. The Board held that his prior notices were ineffective. The sending of the second notice is a recognition that the first was ineffective. It is not surprising to find that there are no statutory provisions saving the Commissioner

from the running of the statute of limitations under such circumstances.

Even though *Greve* dealt with the requirements for notices of deficiency under section 272(a) (predecessor to § 6212(a)) and this case deals with the requirements for notices of deficiency under § 6501(h) and (a) and 6212(c), this Court finds that the holding of *Greve* that there can be no suspension of the running of the statute of limitation by the sending of a notice which is not a proper notice is applicable to this case and in addition, any Tax Court proceeding based upon such an invalid notice does not toll the running of the statute of limitations. Therefore, the June 20, 1980, assessments are invalid because they were made after the applicable statute of limitations had run.

Even though the June 20, 1980, notices complied with 26 U.S.C. § 6213(b)(3), the assessments are invalid because they were made after the statute of limitations had run. Accordingly, plaintiff's Motion for Summary Judgment should be and is hereby GRANTED and defendant's Motion for Summary Judgment on Issues One and Two should be and is hereby DENIED.