ROMANER J. STRONG, JR. AND BILLIE R. STRONG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Strong v. Comm'r
Docket No. 8861-90
United States Tax Court
T.C. Memo 1991-438; 1991 Tax Ct. Memo LEXIS 487; 62 T.C.M. (CCH) 673; T.C.M. (RIA) 91438; September 9, 1991, Filed *487 Romaner J. Strong, Jr., pro se. William D. Reese, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION This case was assigned for trial or other disposition to Special Trial Judge James M. Gussis pursuant to section 7443A(b) and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This matter is before the Court on petitioners' motion for summary judgment filed August 6, 1990, and respondent's cross-motion for partial summary judgment, filed August 28, 1990. Both motions were submitted to the Court at a hearing held in San Francisco, California, on December 5, 1990. In a notice of deficiency dated February 6, 1990, respondent determined *488 a deficiency in, and additions to, petitioners' Federal income tax as follows: Additions to Tax, Section
Year
Deficiency
6651
6653(a)
6661
1985
$ 20,844
$ 2,309
$ 2,776
$ 5,210
The question to be decided is whether the notice of deficiency mailed to petitioners on February 6, 1990, was within the statutory limitations period under section 6501(a). If the notice of deficiency was timely mailed, respondent's motion will be granted, and the issues raised by the pleadings will remain to be resolved by the Court. If the notice of deficiency was not timely mailed, petitioners' motion will be granted, and the assessment of the underlying deficiency will be barred by the statute of limitations under section 6501(a). Petitioners filed a joint Federal income tax return for 1985 on November 17, 1986. On October 19, 1988, petitioners filed an amended return on Form 1040X for 1985, requesting a refund. On March 13, 1989, respondent's agent sent a letter to petitioner which stated: Since it has been quite some time since our last contact and you did not respond to my supervisor's letter of Dec. 20, 1988, which requested that you confirm a mutually convenient *489 appointment time, I have no choice but to send you the enclosed audit report. Because no documentation has been furnished by you, your claim for refund has also been disallowed. If I do not hear from you within 10 days, your case will be closed unagreed. Publication 5 is enclosed which explains your appeal rights.
Based on the letter of March 13, 1989, from respondent's agent, petitioners filed a petition on June 14, 1989, with this Court alleging in part: Petitioners hereby petition for a redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his notice of deficiency dated 3/13/89. (Pursuant to Publication 5, Rev. 8-84, petitioners have requested a notice of deficiency but have not received one as of the date of the preparation of this petition). The petition was assigned docket No. 13453-89 by this Court. On September 6, 1989, we entered an Order of Dismissal, dismissing the petition in docket No. 13453-89 for lack of jurisdiction on the ground that petitioners did not establish that a statutory notice of deficiency had been issued by respondent. Petitioners did not appeal the dismissal order of this Court, and the decision became *490 final upon the expiration of 90 days thereafter on December 6, 1989. The 60-day period after the dismissal became final ended on February 4, 1990. On February 6, 1990, respondent mailed a notice of deficiency to the petitioners for the taxable year 1985. On May 7, 1990, petitioners filed a petition with this Court, alleging that the period of limitations on assessment of a deficiency for the year 1985 had expired. Section 6501(a) provides generally that an assessment of income tax must be made within three years after a return is filed. Section 6503(a)(1) provides: The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or the collection by levy or a proceeding in court, in respect of any deficiency as defined in section 6211 * * * shall (after the mailing of a notice under section 6212(a)) be suspended for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter *491 . [Emphasis added.]
Petitioner contends that the first petition filed with the Court on June 14, 1989, (and later dismissed by the Court) did not suspend the period of limitations under section 6501(a), that the three-year limitations period for assessment of tax expired on November 17, 1989, (three years after his return for 1985 was filed) and that, consequently, the notice of deficiency mailed to petitioners on February 6, 1990, was untimely under section 6501(a). To the contrary, respondent contends that pursuant to section 6503(a)(1) the filing of the first petition on June 14, 1989, suspended the limitations period through February 3, 1990, (90 days after the dismissal order of this Court became final and 60 days thereafter). Respondent contends that, as of February 4, 1990, some 155 days still remained before the expiration of the applicable three-year statute of limitations and, hence, his statutory notice of deficiency mailed February 6, 1990, was timely under section 6501(a). We agree with respondent. The unambiguous parenthetical language contained in section 6503(a)(1), which we have quoted above, clearly dictates that "in any event" the running of the period of *492 limitations provided in section 6501 is suspended when a proceeding in respect of a deficiency is placed on the Tax Court docket. In United States v. Shahadi, 340 F.2d 56, 58 (3rd Cir. 1965) the Court stated with respect to the scope of the parenthetical language in section 277 of the 1939 Internal Revenue Code (the predecessor of section 6503(a)(1): in adding "(and in any event, etc.)" to the statute, it was intended to provide that the statute of limitations be suspended in any and all situations where action is taken by the taxpayer to have deficiencies redetermined by proceedings in the Tax Court.
The legislative history of section 277 of the 1939 Internal Revenue Code indicates that Congress intended to provide additional protection to the respondent where defective petitions were filed with the Tax Court's predecessor, the Board of Tax Appeals: Under existing law and under the provisions of the bill, the running of the statute of limitations on assessments is suspended while an appeal is pending before the Board. Subsequently the Board may dismiss the appeal on the ground that the petition was not filed within the 60-day period or because the *493 paper filed within the period was not sufficient to constitute a petition. The decision dismissing the appeal may not be made until months after the proceeding was begun and there is some question whether in such cases the running of the statute of limitations on assessment is actually suspended during the pendency of the proceeding. It is specifically provided in section 277 that the running of the statute shall be suspended, if any proceeding is placed on the docket of the Board, until the decision of the Board in respect thereof becomes final and for 60 days thereafter. [S.Rept. No. 960, 70th Cong., 1st Sess., 1939-1 Cum. Bull. (Part 2) 409, 431.]
Consistent with the legislative intent, this Court has found that the plain language of the statute compels a broad interpretation. In Eversole v. Commissioner, 46 T.C. 56 (1966), for example, we concluded that a prior petition filed with the Tax Court which was later dismissed for lack of jurisdiction was sufficient under section 277 of the 1939 Internal Revenue Code to suspend the running of the statute of limitations. In short, a petition, although ultimately dismissed, nonetheless constitutes *494 "a proceeding in respect of the deficiency" which will suspend the running of the limitations period. We have considered the cases cited by petitioner and find them factually distinguishable from the instant case and, consequently, are not controlling here. See Greve v. Commissioner, 42 B.T.A. 142 (1940); see also Midland Mortg. Co. v. United States, 576 F. Supp. 101 (W.D. Oklahoma 1983). Accordingly, we conclude that respondent's statutory notice of deficiency mailed in this case on February 6, 1990, is timely under the provisions of section 6501(a). Therefore, petitioner's motion for summary judgment will be denied, and respondent's cross-motion for partial summary judgment will be granted. An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩