ROMANER J. STRONG, JR. AND BILLIE R. STRONG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Strong v. Commissioner
Docket No. 8861-90
United States Tax Court
T.C. Memo 1991-531; 1991 Tax Ct. Memo LEXIS 580; 62 T.C.M. (CCH) 1081; T.C.M. (RIA) 91531; October 24, 1991, Filed *580 Romaner J. Strong, Jr., pro se. William D. Reese, for the respondent. DAWSON, Judge. DAWSON
SUPPLEMENTAL MEMORANDUM OPINION On September 9, 1991, a Memorandum Opinion (T.C. Memo 1991-438) was filed in this case, adopting the opinion of Special Trial Judge James M. Gussis. An order was issued on September 12, 1991, denying petitioners' motion for summary judgment. On September 19, 1991, petitioners filed a motion for reconsideration of their motion for summary judgment. They request reconsideration of the statute of limitations question and assert that they have a right to a jury trial with respect to all issues involved in this case. On September 26, 1991, petitioners filed two additional motions, namely, a motion to dismiss and a motion for an order permitting an appeal of our interlocutory order of September 12, 1991, denying their motion for summary judgment. The motion to dismiss reiterates their contention that an income tax assessment for 1985 is barred by the statute of limitations and alleges certain violations of their constitutional rights. Petitioners' request for a jury trial can be disposed of summarily. It is settled law that the parties in a Tax Court *581 proceeding are not entitled to a jury trial. See Wickwire v. Reinecke, 275 U.S. 101, 105, 72 L. Ed. 184, 48 S. Ct. 43 (1927); Phillips v. Commissioner, 283 U.S. 589, 599 n. 9, 75 L. Ed. 1289, 51 S. Ct. 608 (1931); Olshausen v. Commissioner, 273 F.2d 23, 26-27 (9th Cir. 1959), affg. in part a Memorandum Opinion of this Court; Cupp v. Commissioner, 65 T.C. 68, 86 (1975), affd. by unpublished order 559 F.2d 1207 (3d Cir. 1977); Dorl v. Commissioner, 57 T.C. 720, 722 (1972), affd. 507 F.2d 406 (2d Cir. 1974). With respect to the statute of limitations issue, petitioners argue that there is a significant and vital difference between the language of section 277 of the 1939 Internal Revenue Code and section 6503(a)(1), [1] which provides, in relevant part, as follows: The running of the period of limitations provided in section 6501 or 6502 * * * on the making of assessments or the collection by levy or a proceeding in court, in respect of any deficiency as defined in section 6211 * * * shall (after the mailing of a notice under section 6212(a)) be suspended for the period during which the Secretary is prohibited *582 from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter. [Emphasis added.]
They contend that the parenthetical language of section 6503(a)(1) applies only to the prepositional phrase "from collecting by levy or a proceeding in court" and not to the prepositional phrase "from making the assessment." The wording of section 277 of the 1939 Internal Revenue Code was that the Commissioner was prohibited "from making the assessment or beginning distraint or a proceeding in court," which language immediately preceded the parenthetical language. In our opinion there is no substantive difference between section 277 of the 1939 Internal Revenue Code and section 6503(a)(1). We must construe the application *583 of section 6503(a)(1) in light of Badaracco v. Commissioner, 464 U.S. 386, 391, 78 L. Ed. 2d 549, 104 S. Ct. 756 (1984), where the Supreme Court said that the statute of limitations for assessment of taxes should be construed strictly in favor of the Government. We disagree with the interpretation urged by petitioners because the two sections use essentially identical language. Our prior opinion (T.C. Memo 1991-438) relied on the legislative history of section 277 of the 1939 Internal Revenue Code and the opinions in United States v. Shahadi, 340 F.2d 56, 58 (3d Cir. 1965) and Eversole v. Commissioner, 46 T.C. 56 (1966). We have also held that the period for assessment is suspended while this Court determines whether it has jurisdiction of a case under section 277 of the Revenue Act of 1926. The Second Circuit Court of Appeals, in affirming the decision of our predecessor, the Board of Tax Appeals, held that section 277 suspended the period for making an assessment when a proceeding in respect of a deficiency was placed on the docket of the Board, and when the Board ultimately ruled that it lacked jurisdiction over the case. American Equitable Assurance Co. of New York v. Helvering, 68 F.2d 46, 47 (2d Cir. 1933), *584 affg. 27 B.T.A. 247 (1932). In another case the Commissioner determined an income tax deficiency and the taxpayer claimed an excess profits tax adjustment. The Court proceeding involved only the excess profits tax adjustment. The taxpayer argued that the proceeding did not suspend the period of limitations for assessment under section 277 because the proceeding was not "in respect of" the deficiency. The Fourth Circuit Court of Appeals, in affirming this Court, held that under section 277 the proceeding did suspend the period for the assessment of the deficiency. Green Spring Dairy, Inc. v. Commissioner, 208 F.2d 471 (4th Cir. 1953), affg. 18 T.C. 217 and 18 T.C. 929 (1952). Thus, a substantive decision by the Court of a deficiency is not required to suspend the period for assessment. When viewed as part of the statutory scheme for limitations periods on assessment and collection of tax deficiencies, it is clear that section 6503(a)(1) is intended to suspend the running of the period of limitations under circumstances such as those present in this case. Section 6212(c) restricts the mailing of a notice of *585 deficiency after a Tax Court petition is filed, and section 6213 restricts the assessment of tax by respondent during the pendency of a Tax Court proceeding and until 60 days after the decision of the Tax Court has become final. On the other hand, section 6501(a) limits to 3 years the normal period during which an assessment can be made. In view of the restrictions imposed by sections 6212(c) and 6213, we think it would be illogical to construe section 6503(a)(1) as petitioners contend. There is nothing to prevent any taxpayer receiving any document from respondent from filing a petition with this Court claiming that the document represents a notice of deficiency. Clearly, section 6503(a)(1) should apply when such a proceeding is pending. Petitioners rely heavily on Midland Mortgage Co. v. United States, 576 F. Supp. 101 (W.D. Okla. 1983), which considered Midland Mortgage Co. v. Commissioner, 73 T.C. 902 (1980), and Greve v. Commissioner, 42 B.T.A. 142 (1940). Both cases are distinguishable, primarily because the period of limitations for assessment had expired in each case before the Tax Court proceeding was commenced. *586 Thus, there was no possible way that the period of limitations for assessment could have been suspended by the filing of a Tax Court petition. Our holding in the Greve case was simply that the mailing of an invalid notice of deficiency did not suspend the period of limitations for assessment. By contrast, petitioners in this case filed their first Tax Court petition in docket No. 13453-89 on June 14, 1989, prior to the expiration of the 3-year period of limitations on November 17, 1989, based on the audit report of respondent's agent. The order of dismissal for lack of jurisdiction was entered on September 6, 1989; the decision became final on December 6, 1989; and the 60-day period after the dismissal became final ended on February 4, 1990. When the suspension period ended, there remained 155 days before the expiration of the applicable 3-year period of limitations. Hence the statutory notice of deficiency mailed on February 6, 1990, was timely under section 6501(a). If we adopted petitioners' construction of section 6503(a)(1), respondent would be compelled to either (1) issue a notice of deficiency during the pendency of a Tax Court proceeding in violation of the *587 restrictions imposed by sections 6212(c) and 6213, or (2) refrain from issuing a notice of deficiency, subject to the expiration of the 3-year period of limitations for assessment during the pendency of a Tax Court proceeding. Respondent's procedure is to suspend assessment and collection while a Tax Court case is pending. Such administrative suspension is based, in part, on the difficulty of determining whether assessment and collection are proper before the outcome of the Tax Court litigation is known. The construction urged by petitioners would impose on respondent an unreasonable and onerous administrative burden. That is why the words Congress used in section 6503(a)(1) should be given a literal and practical meaning. Therefore, we conclude that the intended effect of section 6503(a)(1) is to suspend the period of limitations on assessment by a proceeding in this Court. Our construction of section 6503(a)(1) does not in any way deprive petitioners of their right to contest any of the issues resulting from the adjustments made by respondent in his notice of deficiency. We have considered the constitutional arguments raised by petitioners in their motion to dismiss and find *588 them unpersuasive and without merit. We reject their unsupported allegations that their rights under the First and Fifth Amendments to the Constitution of the United States have been violated. See United States v. Rylander, 460 U.S. 752, 75 L. Ed. 2d 521, 103 S. Ct. 1548 (1983); Steinbrecher v. Commissioner, 712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo 1983-12; Edwards v. Commissioner, 680 F.2d 1268 (9th Cir. 1982); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. by unpublished opinion 559 F.2d 1207 (3d Cir. 1977); Greenberg's Express v. Commissioner, 62 T.C. 324 (1974). Their constitutional rights have not been violated merely because they are "black citizens * * * who have owned property in Carmel Valley, California, a very desirable and beautiful locality that has historically been reserved for white persons," and for that reason they assert that their Federal income tax return was singled out for audit by respondent. Nor have their due process rights been violated because they boxed and discarded their tax materials three years after their return was filed, and such records are *589 no longer available. Finally, in our judgment, petitioners have not provided good and sufficient reasons to support their motion for an interlocutory appeal of our order denying their motion for summary judgment on the statute of limitations issue. Our order does not involve a controlling question of law with respect to which there is a substantial ground for difference of opinion. See section 7482(a)(2), Internal Revenue Code of 1986; Rule 193, Tax Court Rules of Practice and Procedure.
Accordingly, we will deny petitioners' motion for reconsideration, motion to dismiss, and motion to permit an interlocutory appeal. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended.↩